## Case No. 2,970.

### COHN v. VIRGINIA FIRE & MARINE INS. CO.

[3 Hughes, 272.][1]

District Court, E. D. Virginia. Aug. 2, 1877.

ACTION ON POLICY OF INSURANCE TO HUSBAND ON WIFE'S ESTATE—PLEADING.

If a husband, who has insured for himself without mention of his wife's ownership, sues for damages by fire to his wife's estate, claiming an insurable interest, his declaration must set out his interest, and claim damages to that interest, or he cannot recover.

On motion for new trial.

HUGHES, District Judge. Oscar Newman insured his wife's separate property as his own, held in his own right. The suit is by his assignee in bankruptcy. The policy describes, and the declaration demands, the full value of the property as "his stock of groceries and liquors," "his store fixtures," and "his household furniture, wearing apparel, pictures, and books." Nothing whatever is said in the policy, nothing in the declaration, of his interest in that property contingent upon the death of his wife and children, or of the interest he had as husband in the use of the property named. He did not insure the right of user which he had in the property. That right of using was an insurable interest, but it was not insured by description, and it must have been specifically insured by description to entitle him to recover damage from the loss of it, in the event of the destruction of the property by fire; just as the insurance of a ship does not per se insure the cargo and freight. And even after insuring the specific interest by name (if that had been done), the declaration should have demanded his loss from the destruction of that specific right to use, to entitle the insured to recover. You cannot recover the loss of a cargo under a policy which merely insures the ship, or under a declaration which only demands damages from the loss of the ship. It is clear in this case that the jury found that Newman's loss was from his loss of the right to use the property; and as that right was not insured by the policy, nor demanded by the declaration, the verdict was against the law and the evidence, and must be set aside. An order will be made to that effect, without prejudice to the plaintiff's right to amend his declaration if he should think proper. If there had been positive proof of the existence of property in Newman's place of business belonging to himself, and not embraced in the wife's separate property; and if at the trial the existence of such property

had been shown in the evidence, and relied upon in the argument, there would have been some basis for the verdict of the jury. But as it is clear to me that the verdict was not founded upon such a fact or claim, for that reason also the verdict should be set aside.

COHN (WILCOX v.). See Case No. 17,640.

COIT (CONVERSE v.). See Case No. 3,145.

COIT (UNITED STATES v.). See Case No. 14,829.

COLBURN (HEMSTEAD v.). See Case No. 6,347.

COLBURN (HUNT v.). See Case No. 6,886.

COLBY, In re. See Case No. 2,297.

COLBY (FULLER v.). See Case No. 5,149.

COLBY (STURGES v.). See Case No. 13,566.

COLBY (STURGIS v.). See Case No. 13,574.

COLBY (UNITED STATES v.). See Case No. 14,830.

COLCHESTER (UNITED STATES v.). See Case No. 14,831.