CONTINENTAL FIRE ASSOCIATION V. A. N. WINGFIELD.

Decided April 8, 1903.

**1.—Insurance—False Representations—Waiver.**

The agent of an insurance company may verbally waive conditions in an insurance policy avoiding it for misstatements as to title or existing insurance, though the policy provides that no change of contract or waiver of the terms thereof should be claimed by the insured, unless in writing and attached to or indorsed on the policy.

**2.—Insurable Interest—Homestead.**

The husband has an insurable interest in the homestead in possession though the title thereto is in his wife and her children by a former marriage.

Error from the District Court of Freestone.   Tried below before Hon. L. B. Cobb.

*W. B. Moses,* for plaintiff in error.

*Geo. A. Bell* and *Gibson & Bryant,* for defendant in error.

FISHER, CHIEF JUSTICE.—This suit was filed in the District Court of Freestone County, Texas, on the 13th day of June, 1901, by A. N. Wingfield against the Continental Fire Association, a corporation of Fort Worth, Texas, to recover on fire insurance policy No. 52140, issued by said fire association to said Wingfield on the 13th day of October, 1900, insuring for one year from said date, against loss by fire, in the sum of $1500, two buildings situated in the town of Wortham, Texas, one of which was a two-story frame building, used as a livery stable and barn, and the other a one-story frame building used as a feed store. Said buildings were destroyed by fire on the 21st day of January, 1901, and were a total loss.

Defendant answered by general denial and by special answers setting up the avoidance of the policy by reason of the breach of several clauses of the same as follows:

1.   Because in his application for the policy plaintiff disclosed only one policy of concurrent insurance on the property insured, that for $1000 in the Home Mutual Company of Austin, when in fact he had also a policy for $1000 in the State Fire Company of Waco, which, with defendant's policy for $1500, made the insurance on said property $3500, when it was worth, by plaintiff's valuation, only $3000.

2.   Because the insured was not the sole and unconditional owner of the property, and because the interest of the insured was not correctly stated in the application, it showing the title to be in the wife of plaintiff, when in fact it was in said wife and her minor children by a former marriage.

3.   That plaintiff had no insurable interest in the property, and to permit him to recover, he must be the owner of, or have some insurable interest in the property.

4.   That the policy contract provided that no change of the contract or waiver of the terms thereof should be claimed by the insured, unless in writing and attached to or indorsed on the policy.

Defendant tendered to plaintiff, and paid into court, the amount of the premium paid and interest.

Plaintiff by supplemental petition denied generally, and pleaded waiver of the clauses and warranties set up by defendant, because of the knowledge by the agent of the defendant of the condition of the title to the property, and the existence of the policy in the Waco company, and that defendant was estopped from benefit of the defenses set up, and also that the property insured was plaintiff's homestead at the time the policy was written.

Defendant, by supplemental answer, excepted to the pleas of waiver, because said waivers were not shown to be in writing and attached to or indorsed on the policy, and pleaded that C. J. Wooldridge, defendant's agent, had knowledge of said facts relied on by plaintiff for waiver and estoppel, and that by reason of his relation to plaintiff, he being plaintiff's father-in-law, and the circumstances under which said agent wrote the policy sued on, he was in fact the agent of plaintiff, and his knowledge would not be binding on defendant, and that plaintiff and said agent colluded together to procure more insurance on said property than same was worth, and same was a fraud on defendant, and rendered the acts of said agent the acts of plaintiff.

The case was tried before a jury on March 10, 1902, and a verdict rendered for the plaintiff for the sum of $1587.50.

We find that the foregoing facts as indicated and stated in the pleadings of both plaintiff and defendant are true, with the exception of what is stated by defendant in its supplemental answer, in charging in effect that the agent of the company was the agent of the plaintiff, and that there was any fraud or collusion between them at the time that the policy was issued. As to these questions, the evidence indicates that the averments of the supplemental answer are not true.

Our findings of fact, together with the doctrine announced in Insurance Company v. Wagner, 24 Texas Civ. App., 140, dispose of plaintiff in error's first, second, third and fourth assignments of error.

The fifth assignment of error is as follows: "The court erred in not setting aside the verdict and judgment, because the evidence shows that the property destroyed by fire was the property of other persons than plaintiff, and that he had no insurable interest therein."

It appears from the evidence that the property insured and destroyed was the property of the wife of plaintiff and her minor children by a former husband, and that at the time of the insurance and the time of the destruction, it was the homestead of the plaintiff and his wife. He was in the actual use and possession of the property, enjoying it as a home, and this right of possession, use and enjoyment would continue for such length of time as he and his wife would desire to use the property for that purpose. It might be for the life of either or both. The right of use and possession was a valuable one which attached to the house and improvements located upon the premises, and gave the husband such an interest as he could protect by insurance.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*