# CHARLESTON.

## TYREE *v.* VIRGINIA INSURANCE CO.

Submitted September 5, 1903. Decided February 16, 1904.

1. HUSBAND AND WIFE.
   A husband living with his wife in a house which is on her separate estate land has no insurable interest therein. (p. 65).

2. INSURANCE—*Fraud.*
   A false statement by an applicant for insurance to the agent that such applicant is sole and absolute owner of the house, the agent not knowing the contrary, avoids the policy. (p. 66).

3. INSURANCE.
   An insurance policy provides that "if the title or interest of assured is less than the entire, absolute, unconditional, unincumbered, fee simple ownership" the insurance company shall not be liable under the policy. Such provision is reasonable, and if the insured has not such title or interest, no recovery can be had on the policy. (p. 68).

Error to Circuit Court, Greenbrier County.

Action by W. F. Tyree against the Virginia Fire & Marine Insurance Company. Judgment for plaintiff. Defendant brings error.

*Reversed.*

WILLIAMS & DICE, for plaintiff in error.

GILMER & GILMER and PRESTON & WALLACE, for defendants in error.

BRANNON, JUDGE:

Virginia Fire Insurance Company issued a policy to W. F. Tyree insuring a house and some furniture. The policy is in Tyree's name. The policy contains a clause that the company should not be liable under it "if the title or interest of assured is less than the entire, absolute, unconditional, unincumbered fee simple ownership" in Tyree. The land was the separate estate of his wife. He built the house upon it at his own expense, and lived in it with his wife. When Tyree applied to the agent for insurance, Tyree says he said to the agent, "I want my house insured," but the agent did not interrogate him as to his title. There is controversy only as to the loss from destruction of the dwelling house. The company tendered return of the premium. Tyree brought suit on the policy, recovered verdict and judgment for $1,875 of the $2,000 insurance on the house, and the company brought the case to this Court.

A vital question is: Had Tyree an insurable interest in the dwelling house, it being his wife's separate estate? I am perplexed upon the question. "It has become a fixed rule of insurance law that the assured must have an interest of some kind in the subject matter of insurance, whether property or life. Two reasons may be assigned for this rule. In the first place, it is inexpedient that a contract so necessary for the protection of legitimate business should be prostituted to illegal uses as a mode of speculation; and in the second place, it is opposed to public policy, because demoralizing to the insured, that he should be permitted to enter into any contract under which he would have an interest in the destruction of the subject matter rather than in its preservation." 16 Am. & Eng. Ency. Law, 846.

"When there is no interest at all to be protected, a policy will be invalid, as counter to the spirit and purpose of the contract, as well as against public policy." "When the insured has nothing to lose, but everything to gain, by the event insured against, it would be dangerous and demoralizing to subject the insured to so great a temptation to destroy the property or the life upon which the insurance is effected." May on Ins. ss. 74, 75. "The question whether the husband has insurable interest in the wife's property must depend, in great measure, upon the

statutes of the several states by which the rights of a husband in the wife's property are governed. If the loss of the property will deprive him of its possession, enjoyment or profits, or any certain benefits growing out of it, or of a security or lien therein, it would seem that he has an insurable interest in such property. But, on the other side, if the wife's management of her property is not limited; if she may control absolutely its income; if she may lease it without his consent, and her lessee may expel him from possession; if during her lifetime he has no interest, no inchoate rights therein, nor even a right of occupancy, and after her decease his only rights would be acquired by descent, and not inchoate which would be perfected thereby, he would, on general principles, seem to have no such pecuniary interest in the preservation of her property as would constitute an insurable interest." Joyce on Ins. s. 1049. Under this statement it is hard to say that he has an insurable interest in this state. The wife has by statute power to lease, take all rents and profits, to her sole use, and the husband has no control over her separate estate, does not take by descent, and has no right of possession by law during marriage, and has no curtesy initiate. The able jurist, Judge Cooley, said that if the husband could insure in his own name his wife's property, "it is manifest that any person may obtain insurance upon property without any right in it whatever; he has but to disclose the facts, and the policy, though only a wager policy, will be as legal as any other. But such a doctrine is at war with the fundamental principles of insurance, which require that a person shall have an insurable interest before he can insure; a policy issued when there is no such interest is void, and it is immaterial that it is taken in good faith and with full knowledge. The policy of the law does not admit of such insurance, however willing the partiees may be to enter into it. The doctrine of waiver has obviously nothing to do with such a case. The agent cannot do for the company by waiver what it is powerless by express contract to do for itself; he cannot by waiver invest the insured with an interest he does not own. There was occasion to consider this question in *Peoria* v. *Hall*, 12 Mich. 202, and it was held that an insurance of partnership property by one partner in his own name could not be made to embrace the interest of the other partner, though it was written by the agent with full knowledge of the fact.

The reason is the one above assigned. It is not competent to write an insurance where an insurable interest is wanting. The difficulty is inherent in the case, and is beyond the reach of waiver. It is proper to say that under our statute the husband has no control whatever over his wife's property; so that the question arises here precisely as it would had the silver been owned by a stranger." So was the decision: *Agricultural Ins. Co.* v. *Montague,* 38 Mich. 548. This holding is sustained by *Trott* v. *Woolwich Co.,* 83 Me. 362, holding that a policy issued on a dwelling in the name of the husband when title was in his wife, the company not being informed that he was not the owner, is void. The reasons are fully stated in *Clark* v. *Dwelling-house Ins. Co.,* 81 Me. 373. "The Married Women's Acts take away from the husband all right to the possession or control of the wife's separate estate. He has no present right of enjoyment, no interest in the rents. A policy of insurance secured thereon by the husband, who has no insurable interest therein, is unenforceable." *Traders Ins. Co.* v. *Newman,* 120 Ind. 554. *Traders Ins. Co.* v. *Barracliff,* 45 N. J. Law 543, is to the reverse. *American Central Co.* v. *McLanahan,* 11 Kansas 533, cited to the contrary, is not so, as the policy was got by the husband as his wife's agent for the benefit of both, though in his name, and the insurer was aware of the facts. *Merritt* v. *Hughes,* 42 Iowa 11, is cited on this side, but the court said the husband was by the Iowa code entitled to hold possession against his wife's will. In this state he is on her property not by binding law, but by love and sufferance—has no legal tenure. *Horsch* v. *Dwelling Co.,* 7 L. R. A. 806, is a case where the husband had the entire beneficial use and possession, had paid for the land, managed it exclusively, took exclusive control of rents and profits, and had an agreement with his wife that she would convey the land to him on request. He thus owned the land. So, where he has lien on her land. *Rohrbach* v. *Germania Co.,* 20 Am. R. 451. The case of *Mutual Ins. Co.* v. *Deale,* 79 Am. D. 673, is no support for the husband's insurable interest, because in it he had a marital estate. It is so stated. *Clark* v. *Fireman's Ins. Co.,* 18 La. (O. S.) 431, does not support the claim, because the opinion says that by the law of Louisiana the husband has control and management of his wife's

personalty. *Cohn* v. *Va. Ins. Co.*, 3 Hughes 272, cited in Joyce on that side, is a case where the husband's action was defeated on the pleadings, the court saying he could only insure his "right to use" the wife's personalty, thus implying that he could not insure the property. Of course, he can insure where he has curtesy; but he has no estate, only an expectancy of curtesy like a child. *McNeely* v. *Oil Co.*, 52 W. Va. 616. I see no case, except the New Jersey case, holding that the husband has an insurable interest except under special circumstances giving him a right in the property. An insurance company wants to insure the person who has vested property right, which will move him to protect it, not one who has no motive to protect it. In the latter case the insurance tempts him to burn the property. A husband may want to get money from his wife's property for his own use. If he could insure her house, this would be an easy way to accomplish the very thing which the law seeks to frustrate by demanding a property right in the insured. In this case it is charged that Tyree set fire to the house, and evidence given tending to show it. It is true that *Sheppard* v. *Peabody Ins. Co.*, 21 W. Va. 368, holds that to give an insurable interest one need not have any actual right of property, but it is sufficient if he or those he represents will suffer injury by the destruction of the property. Still it is meant that he must himself have an interest recognized by law, or those he legally represents must have, as the creditors of an estate are entitled to charge its assets. But in this case the husband did not have any estate or represent any one. Why did he not insure in his wife's name? He wanted the money himself. By destruction of the house he lost a home, is all we can say to support the policy.

Another question. Tyree represented to the agent that he owned the house. As he himself says, he said to the agent, "I want my house insured," and in the policy he represented that he had "entire, absolute, unconditional, unincumbered fee simple ownership." An insurer has right to know the truth about ownership. It would be willing to insure the fee owner, because he would have a motive not to burn the property, but not willing to insure one not owning, for he might have a motive to burn and get the money. "If the insured states the nature or extent of his interest, he must state it truly. If the nature of the insured's interest is such that it would influence

the underwriter to charge a higher premium or not insure at all, it must be disclosed, for it is material to the risk." "In cases where the misrepresentation is positive, and of a fact actually material, it is not necessary to prove that the representation was fraudulently made; the materiality of the misrepresentation and its falsity does away with the necessity of showing actual fraud." Joyce on Ins. ss. 1858, 1897, 1894.

"A false representation as to the interest of the assured in the property is regarded as material, and such as, if substantially false, avoids the policy." Wood on Ins. s. 179. Chief Justice Marshall said: "Insurances against fire are made in confidence that the assured will use all precautions to avoid the calamity insured against which would be suggested by his interest. The extent of his interest must always influence the underwriter in taking or rejecting the risk and estimating the premium. So far as it may influence him in this respect, it ought to be communicated to him." *Columbian Ins. Co.* v. *Lawrence*, 2 Peters 48. If the policy requires a statement of interest, it is thus made material, and must be true. 1 May on Ins. ss. 285, 287. "When the condition requires the applicant to have the entire, unconditonal and sole ownership, a policy issued to one who described the property as his frame dwelling house, when his title was only a quit-claim deed from a second mortgage, avoids the policy under the sole ownership clause." *Idem,* s. 287 B. "A representation may be made by express stipulation material, in the sense that inquiry into its materiality is thereby precluded, and the insured will be bound in such case, even though the fact be actually immaterial. The truth of the statements being generally made in such case the basis of the contract, it is sufficient to show they are actually untrue." Joyce on Ins. s. 1912. In the same section we find it said, "If a fire insurance policy is conditioned to be void 'in case of any misrepresentation whatever,' any misrepresentation, whether material or not, will avoid it." If a person does not like the conditions, he need not accept the policy. Tyree in words represented that he was sole owner. He assured the company that he had absolute fee simple, and he agreed that if he had not, the policy should be void. The agent had no knowledge to the contrary. Surely the company had the right to insert this condition as a reasonable one for its protection.

"A condition that if the insured is not the sole, entire and unconditional owner the policy shall be void, is reasonable and valid, and violation of it will prevent recovery." May on Ins. s. 287 A. "As the insurer is entitled to rely on the statements of the applicant, the insurer will not be charged with knowledge of the land records where title might have been investigated." 1 Biddle on Ins. s. 671.

Plaintiff's instructions 1, 3 and 4 and special replication to plea 2 are bad for reasons above given. The defendant's five instructions should have been given for the same reasons.

Judgment reversed and new trial awarded.

*Reversed.*