## COMMONWEALTH INS. CO. OF NEW YORK v. LACY.

### No. 6407.

Court of Civil Appeals of Texas. Texarkana.
Oct. 7, 1948.

Rehearing Denied Oct. 28, 1948.

Kenley, Sharp & Shepperd, of Longview, for appellant.

Fred V. Hughes, of Tyler, for appellee.

HARVEY, Justice.

Miss Louie Lacy sued the Commonwealth Insurance Company of New York to recover the value of certain jewelry under the terms of a Jewelry Floater Insurance Policy issued by the defendant, and from a judgment entered in favor of the plaintiff for the sum of $2950.00 the defendant has appealed.

The record discloses that Miss Louie Lacy owned certain articles of jewelry consisting of two rings and a brooch pin set with diamonds; that from 1938 until 1947 this jewelry was insured continuously by the defendant company against loss. In April, 1943, a few weeks prior to the issuance of the last renewal policy covering the jewelry, dated May 11, 1943, Miss Lacy married W. W. Connell and they lived together until after July, 1946. Sometime in the first half of the year 1944, Connell took the rings and brooch pin to a jeweler and had zircons substituted for the diamonds in these pieces of jewelry. This loss was discovered by appellee in the latter part of 1946, which was after her divorce. The policy in question insured "Mrs. Louie Lacy Connell, and members of his or her family of the same domicile, hereinafter called insured, whose address is 424 South Center Street, Longview, Texas, on jewelry * * * as per schedule attached, being the property of insured, against all risk of loss or damage," and "whilst in all situations," with several exceptions enumerated, none of which related to a loss caused by an act of the kind involved in this suit. The words "Mrs. Louie Lacy Connell" were typewritten and the rest of the sentence was printed and apparently a formal part of the policy. A schedule was attach-

ed in which was listed the diamond brooch pin and two rings. Appellant urges the proposition that it is not liable under the undisputed evidence in this case, inasmuch as the loss was occasioned by her husband, a member of the appellee's family, of her same domicile, who was an insured under the policy issued by appellant and who had an insurable interest in the property covered by the policy. The jury found that Connell, while his domicile was the same as appellee's, had zircons substituted for the diamonds in the jewelry; that it was done without knowledge on the part of Miss Lacy; that the diamonds were owned by her before her marriage to Connell, and that she could not have discovered the loss sooner in the exercise of ordinary care. After her divorce was granted, Miss Lacy's representative demanded of Connell that he surrender the diamonds, which he refused to do, and denied the claim.

█ Under the facts of this case Connell did not have an insurable interest in the articles of jewelry herein involved. They belonged to Miss Lacy as her separate property and after her marriage her husband acquired no beneficial interest therein. Since the enactment of the amendment to the Married Women's Statute in 1921, Art. 4614, R.C.S. of Tex. 1925, Vernon's Ann. Civ.St. Art. 4614, a married woman has the sole right of control, management and disposition of her separate personal property of the nature herein concerned. A number of authorities from Texas and other jurisdictions are cited by appellant on the point that Connell had an insurable interest in the diamonds. An examination of these decisions indicates, perhaps without exception, that the basis for holding that one spouse has an insurable interest in the separate property of the other is the existence of some beneficial interest that such spouse has in the property of the other. Thus, "each spouse has an insuranble interest in the homestead even though owned separately by the other; so, also, each has an insurable interest in the separate property of the other for its rents and revenues belonging to the spouses jointly." 23 Tex.Jur. 134. In the case of Georgia Home Ins. Co. v. Brady, Tex.Civ.App., 41 S.W. 513, 516, "the assured had the actual possession and

enjoyment, and it was used in common with his own, and the loss occasioned by its destruction to the extent of its value, fell upon him". In the cases cited, the test whether one spouse has an insurable interest in the separate property of the other is whether or not they share the use of the articles in common, or whether or not they are necessary or convenient and actually used in the maintenance of the domestic relation. Jones v. American Eagle Ins. Co., 91 Fla. 565, 108 So. 165; Goulstone v. Royal Ins. Co., 1 Fost. and F. (Eng.) 276; Lenagh v. Commercial Union Assurance Co., 77 Neb. 649, 110 N.W. 740; Trade Ins. Co. v. Barracliff, 45 N.J.L. 543, 46 Am. Rep. 792; 29 Am.Jur. p. 293; Continental Fire Ass'n v. Wingfield, 32 Tex.Civ.App. 194, 73 S.W. 847. These cases are all distinguishable from the instant case in that in the case under consideration Connell did not have possession, control or management of the jewelry, nor as a matter of law did he have such right. The loss of it under any circumstances would not have resulted in any deprivation to him, or have caused any loss or damage to him. He did not have any right in common with his wife to the use or enjoyment of the jewels. Therefore, in no view of the situation could he be said to have an insurable interest in the property covered by the policy. 44 C.J.S., Insurance, § 194, page 892; 24 Tex. Jur. p. 789, Sec. 88; 29 Am.Jur. p. 298, Sec. 329; Ludeau v. Phoenix Ins. Co., Tex.Civ.App., 204 S.W.2d 1008; Whiteselle v. Northwestern Ins. Co., Tex.Com.App., 221 S.W. 575; 14 R.C.L. 910.

█ From the construction we place upon the terms of the policy, we are of the opinion that Connell was not an "assured" thereunder. The policy which insured "Mrs. Louie Lacy Connell and members of her family of the same domicile embraced conditions precedent for insurability; that is, "as per schedule attached, being property of assured." The schedule attached listed three items of jewelry. The agent of the appellant testified that he knew the jewelry was the separate property of Miss Lacy prior to her marriage, which was an undisputed fact; that when he renewed the policy in 1944, he typed her name in the blank space provided in the policy, being

uncertain whether she wanted to continue use of her maiden name or to use her married name. Miss Lacy was the owner of the property listed in the schedule attached; Connell was not the owner of any property listed in an attached schedule. He therefore had no insurable interest in such property, and could not be considered as one of the insured. Had he brought suit as an assured under the terms of the policy, in some conceivable situation that might have arisen, it is not at all likely that such a suit in his own behalf would have been well grounded.

The familiar principle of insurance law that "Where the language of a fire policy is susceptible of another than the literal construction, that will be adopted which is most favorable to insured and which will tend to preserve the protection afforded by the general terms of the policy." Royal Ins. Co. v. Texas & Gulf R. Co., 53 Tex.Civ. App. 154, 115 S.W. 117, has application in this case. The intention of the parties to the insurance contract was that Miss Lacy be insured against loss; her name was typewritten in the policy as the assured; also typewritten was the property listed in the schedule; the phrase "and members of her family" was in print. Effect must be given to the typewritten or dominant part of the contract rather than to the printed or formal parts. The language of the provision in question being susceptible of more than one construction is to be construed literally in favor of the assured. 24 Tex.Jur. p. 709, Sec. 29; United Service Automobile Ass'n v. Miles, 139 Tex. 138, 161 S.W.2d 1048; Hagan v. Scottish Union & National Ins. Co., D.C., 98 F. 129; Gaines v. Traders & General Ins. Co., Tex.Civ.App., 99 S.W.2d 984.

■ The point presented by appellant to the effect that the insurer is the only one who may raise the question of a lack of an insurable interest is not applicable in this situation. As a general rule the insurer is the only party that can take advantage of a want of insurable interest; it is a defense that is available to an insurer in proper cases. It applies also in cases where the insurer recognizes its liability, and in a contest over the proceeds of the policy other parties who claim some right or interest in the fund cannot present the objection of a lack of insurable interest in the assured. 32 C.J. 1112; 44 C.J.S., Insurance, § 175. In the instant case, however, the insurer contends that there is more than one assured party; appellee's position is that she is the only one insured under the policy. Most certainly in such a situation the insurer is in no position to defeat appellee's right to establish her claim as the only assured under the policy merely on the ground of an assertion on its part that there is another person covered by the policy. The rule in question has no applicability whatsoever under the facts herein.

The judgment of the trial court is affirmed.