## BRIDGES v. COMMERCIAL STANDARD INS. CO.

No. 2952.

Court of Civil Appeals of Texas.
Eastland.

Oct. 24, 1952.

A. J. Smith, Jr., Anson, Watson & Watson, Stamford, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellee.

GRISSOM, Chief Justice.

G. T. Bridges sued Commercial Standard Insurance Company to recover on a fire insurance policy on a house and its contents, which were destroyed by fire. In a trial to the court, judgment was rendered for the insurance company and Bridges has appealed.

It· was agreed that ·said company issued to G. T. Bridges a policy insuring him against loss by ·fire in the sum of $6,000 on the house and $1,000 on its contents; that the policy was in effect on August 12, 1951, when Bridges' wife intentionally set fire to the building, causing $4,500 damages to the house and $1,000 damages to the household goods; that Bridges and wife were married before the policy was issued and lived together until August 8, 1951, when Bridges separated from her; that the separation continued until he was granted a divorce on October 12, 1951 and that Mr. Bridges had no connection with the fire.

It was further agreed that before their marriage, G. T. Bridges conveyed to his wife to be the real estate upon which the insured house was later placed; that the house was located on land which was the separate property of G. T. Bridges and after the marriage he moved his house onto the land which he had conveyed to his wife before their marriage and they occupied it as their home until their separation and thereafter the wife continued to occupy the house until the date of the fire.

Bridges contends the court erred in rendering judgment for the insurance company on the agreed facts. He contends that he derived a benefit from the existence of the building and suffered a loss from its destruction and had an insurable interest therein. Bridges further says that the conversion of the property was involuntary, so far as he was concerned, and the proceeds of the insurance policy should stand in the place of the destroyed property and not in relation to the ownership of the land upon which the house was situated.

The insurance company contends the judgment is correct as to the house (1) because Bridges had no insurable interest in it and (2) that even if he had an insurable interest in the house, the judgment is, nevertheless, correct as to both the house and its contents because Bridges and his wife had a joint interest therein and the property was intentionally burned by one of its joint owners.

■. All the effects which the husband and wife possess when the marriage is dissolved must be regarded as community property, unless the contrary is proved. Art. 4619, Sec. 1, Vernon's Ann. Civ.St. There being no proof to the contrary, the household goods must be considered community property. Being community property, Bridges and his. wife had a joint, undivided interest in the household goods. Furthermore, if Bridges had an insurable interest in the house because it was his homestead, his interest and the interest of his wife in the homestead was of a joint nature. 22 Tex.Jur. 33, 51; 11 Tex.Jur. 431, 432; Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.2d 35. Where two persons have a joint interest in property which is destroyed by being intentionally burned by one of them, the other, though innocent, cannot recover on a fire insurance policy. The rule has been applied to an innocent wife when insured community property was willfully burned by a divorced husband. Jones v. Fidelity & Guaranty Ins. Corp., Tex.Civ.App., 250 S.W.2d 281 (W. R.) It has been applied to partners. Bellman v. Home Ins. Co., 178 Wis. 349, 189 N.W. 1028, 27 A.L.R. 945. See also· 45 C.J.S., Insurance, § 822, p. 871; Kosior v. Continental Ins. Co., 299 Mass. 601, 13 N.E.2d 423.

■ As to the household goods, they were, presumably, community property, jointly owned by Bridges and wife, and having been destroyed by being willfully burned by the wife, Bridges cannot recover therefor on the policy. See 23 Tex. Jur. 356. The same is true as to the house, if Bridges and his wife had a joint interest therein.

■■ The land to which the house was moved was the separate property of Mrs. Bridges. The house, which was the separate property of Mr. Bridges, was moved by him onto the land of his wife and occupied by them as their home. Thereupon, in the absence of an intention or agreement to the contrary of which there is no evidence, the house became the separate property of the wife. 23 Tex.Jur. 94, Sec. 71; 23 Tex.Jur. 375; Dakan v. Dakan,

125 Tex. 305, 83 S.W.2d 620; Foxworth-Galbraith Lumber Co. v. Thorp, Tex.Civ.App., 86 S.W.2d 644, 645. The house became a part of the land and belonged to the owner of the land. Gleich v. Bongio, 128 Tex. 606, 99 S.W.2d 881, 885. However, for present purposes we shall assume that Bridges had an insurable interest in the house because it was his homestead. See 44 C.J.S., Insurance, § 194, p. 893; 68 A.L.R. 366; Tyree v. Virginia Fire and Marine Ins. Co., 55 W.Va. 63, 46 S.E. 706, 66 L.R.A. 657, 661; 23 Tex.Jur. 134; Continental Fire Ass'n v. Wingfield, 32 Tex.Civ.App. 194, 73 S.W. 847; 24 Tex.Jur. 787; 29 Am.Jur. 293, 299; Warren v. Springfield Fire & Marine Ins. Co., 13 Tex.Civ.App. 466, 35 S.W. 810, 812; East Tex. Fire Ins. Co. v. Crawford, Tex., 16 S.W. 1068; Hoyle v. Republic Ins. Co., Tex.Com.App., 14 S.W.2d 816, 817; Commonwealth Ins. Co. of New York v. Lacy, Tex.Civ.App., 214 S.W.2d 899, 900 (R. N. R. E.) It does not follow that the judgment is wrong. The husband's homestead interest was owned jointly with his wife, who willfully burned it, and he, therefore, cannot recover on the policy.

The judgment is affirmed.