# DECEMBER, 1910.

### WILLIAMSBURG CITY FIRE INSURANCE COMPANY v. WEEKS DRUG COMPANY.

#### No. 2058.   Decided December 7, 1910.

**Fire Insurance—Avoidance of Policy—Attempt of Incendiary to Burn Building.**

Under a provision in a contract of insurance against fire that the policy should be void "if hazard be increased by any means within the knowledge or control of the insured" the insurance is not made void by reason of the fact that, on an unsuccessful attempt by an incendiary to set fire to the building, the insured did not communicate such fact to insurer nor take precautions to guard against its repetition, and the loss was occasioned by a second incendiary fire.

Question certified from the Court of Civil Appeals for the First District, in an appeal from Nacogdoches County.

*June C. Harris, Wm. Thompson* and *G. S. Wright,* for appellant.— The uncontroverted evidence showed that there was a material increase of hazards by means within the knowledge of the insured, which, under the terms of the contract and as a matter of law, would have entitled defendant to an instructed verdict, or the submission of the issue to the jury.   North American Fire Ins. Co. v. Troope, 22 Mich., 165, 7 Am. Rep., 638; Walton v. Louisiana Ins. Co., 12 La., 134, 32 Am. Dec., 116.

*S. W. Blount* and *King & String,* for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The following is a certificate sent up by the Court of Civil Appeals for the First District:

"In the above styled cause pending in this court on appeal from a judgment of the District Court of Nacogdoches County, the appellee sued the appellant upon a policy of fire insurance issued by it upon a stock of drugs and· upon the furniture and fixtures in appellee's drug store situated in the City of Nacogdoches.   The property covered by the insurance was destroyed by fire on the 3rd day of January, 1908.   It is admitted that this fire by which the insured property was destroyed was the work of an unknown incendiary.   The undisputed evidence shows that on December 30 next preceding the date of said fire, an unsuccessful attempt was made by an unknown incendiary to set fire to the building in which the insured property was situated.   This attempt to set fire to said building was made known to the president of appellee company on the night it occurred and in a few minutes after it was discovered.   Appellee did not inform appellant of this attempt to set fire to the building and did nothing to prevent its repetition.

The policy of insurance contains the following provision: 'This entire policy shall be void if the hazard be increased by any means within the control or knowledge of the insured.' "

"This court is of opinion that under this provision of the policy and the undisputed evidence in the case which establishes the facts before stated, the policy sued on was void at the time the loss occurred and appellee can not recover thereon.

"In a suit by appellee against the Scottish Union & National Ins. Co. for a loss growing out of this fire and upon a policy which contains a provision identical with that above quoted from the policy sued on in this case, the Court of Civil Appeals for the Fourth District, in an opinion reported in 118 S. W., p. 1087, holds that the question of whether the previous attempt to burn the building, which was known to appellee, was such an increase in the hazard as would render the policy void under the provision before quoted was a question of fact for the jury. Being unable to agree with that learned court in this conclusion, under the provisions of the statute of 1899, we respectfully certify this conflict in opinion for your determination.

"The question certified is:

"Under the facts stated, should this court hold, as a matter of law, that the policy sued on was void?"

To an amended certificate a copy of the policy is attached which need not be further referred to than is done in the course of the opinion.

In our opinion, the facts stated do not show an increase in the hazard by means within the control or knowledge of the insured, in the sense of the provision quoted. The language used has often been construed, but never, so far as we have found, with reference to a risk such as that here in question. It is well settled that it does not operate so as to deprive the insured of the benefits of the insurance because of mere negligence on his part. It has been said that it refers to "some permanent change purposely undertaken in the structure, use or occupation of the premises." Lowell, Justice, in Albion Lead Works v. Williamsburg City Fire Insurance Company, 2 Fed., 486. Again in State Insurance Company v. Taylor, 20 Am. St. R., 287, it is said: "This (provision) should be construed as only applying to the insured premises, or to property under the control of the insured. There is nothing in the language used which would extend it to the property not under his control, and the acts of others, and hold him responsible for the acts of his neighbors or of contiguous owners, and require him to keep informed as to the manner in which other persons in the neighborhood used their property, or to communicate the facts to the insurer. The contract of insurance being mutual, good faith should require that he give information of any fact or act of his own, or with his consent on the property insured, or adjoining and under his control, whereby the risk was increased. Further than this he could not be expected to go."

In Collins v. Assurance Corp., 165 Pa. St., 305, this language was used: "Obviously, it (the provision) was intended to protect the property during the life of the policy from fire, by change in structure, methods of heating, addition of new outbuildings on the premises and like means within her knowledge and control, as owner, whereby the hazard might be increased."

In Angier v. Western Assurance Co., 66 Am. St. Rep., 688, the meaning of the provision is thus stated: "The term 'increase of hazard' denotes an alteration or change in the situation or condition of the property insured which tends to increase the risk. These words imply something of duration, and casual change of a temporary character would not ordinarily render the policy void, under the stipulations herein contained."

In Loud v. Citizens Insurance Company, 2 Gray, 221, the insured allowed some sailors to take shelter in the house covered by the policy in which was a stove with a defective funnel. The sailors, contrary to his instructions, made a fire in the stove which caused the destruction of the building, and the question was whether or not this was a breach of the condition thus expressed: "Whenever the circumstances disclosed in any application shall become so changed as to increase the risk the policy thereon shall be void." Metcalf, Justice, thus decided the question: "If the plaintiffs had used the stove on the night of the fire, or had authorized the use of it which was then made by the crew of the Statira, the defendants would not have been liable for the loss. But the plaintiffs did not authorize the use of fire in the stove. On the contrary, they forbade the use of fire in the room, in any way. The violation of that injunction, by the seamen, does not furnish a defense against the plaintiffs' claim. It was a wrongful act of third persons, for the consequences of which the defendants are liable, in the same manner and to the same extent, as if those persons had unlawfully broken into the counting room, and burned the building by kindling a fire on the floor. The plaintiffs were under no obligation, legal or moral, to keep their stove secure against fire that might be kindled in it by trespassers and burglars, nor against forbidden acts of persons, 'wet and cold,' whom they admitted to the room as a shelter."

For further citations of cases in which the meaning and purpose of the provisions are stated, Mr. Freeman's note to the last cited case, (66 Am. St. R., 691, et seq.) may be consulted.

None of these cases involved facts like these before us, but the quotations show that the courts have outlined the scope of the forfeiture clause under consideration in such way as to exclude from it risks such as arise merely from the acts or purposes of incendiaries. Of course it would not be contended that one attempt of a third person to burn the property, unanticipated by the owner, would of itself render the policy void. Such an act would not be either with the control or the knowledge of the owner. Does a mere surmise that the attempt may be repeated coupled with failure to take adequate measures to prevent it and to notify the insurer have such effect? We answer no, because the increase of hazard

must be by means within the control or knowledge of the insured. He has neither such control over the actions of another, nor such knowledge of his purposes, as is contemplated. His failure to adopt preventive measures may be negligence, but that is not a cause of forfeiture. The truth is this language, as is said in the decisions, is used with reference to the doings of the insured himself, or to those of servants, agents, etc., over whose actions he has the right and power to exercise control. This is brought into clearer light by considering the entire paragraph of the policy in which the clause relied on appears. It runs thus: "This entire policy, *unless otherwise provided by agreement indorsed hereon or added hereto,* shall be void, if" etc. This is followed by the specification of the various states of facts the existence of any one of which is to avoid the policy, including that stated in the certificate. Each of them is of such character that it must arise from the action, permission, or allowance of the owner and that he may either control or give notice of it and obtain the agreement mentioned, unless the "increased hazard" is to be considered as including risks of a different nature in that respect. It ought not so to be regarded because, with reference to the kind of risks intended, the language expresses that which appears from the very nature of all the others mentioned, that it must be one of the means of creating which is to be within the control or knowledge of the insured. The words in the beginning of the paragraph assume all this when they allow the effect which is otherwise to follow, from the existence of the forbidden changes, to be obviated by agreement. Plainly this has no reference to a wilful burning of the property. That is one of the risks against which it is the purpose of the insurance to protect the insured, which is true also of risks to arise from mere negligence, and it ought not to be implied that a provision of this kind was intended to defeat that purpose.

The appellant's counsel rely on a Louisiana and a Michigan case. The former holds that an insurance company may defeat a policy obtained by the insured because of previous attempts to burn the property which, although he expected them to be repeated, he concealed from the company. The latter holds that the failure of the insured to disclose like attempts when asked about them when making his application will have like effect. Walton v. Louisiana Ins. Co., 32 Am. Dec., 116; North Am. Ins. Co. v. Troop, 7 Am. Rep., 638. Those cases are very different from this. In them the policies were avoided for fraud in obtaining them, a well recognized defense to actions upon contracts, while here the effort is to avoid a contract fairly and honestly obtained because of the subsequent felonious conduct of another, coupled with inaction of the insured in a matter in which the policy did not require action, which at its strongest amounted to nothing more than negligence or a want of good judgment. We say that the policy did not require action on his part because the forfeiture is to take place whenever the increased risk arises and this effect can not be prevented by giving notice and by diligence in guarding the property, but only by an agreement which, of course, could never be obtained with reference

to such a condition of things as that here in question. So that the contention comes to this: that the policy was avoided by the attempt of another to do that against which it was intended to give protection because the insured did not keep a watch and give a notice not required by the contract. The fact that there are no such requirements makes it evident to us that such risks were not included in the provision discussed.

We answer the question in the negative.