## WILLIAMSBURGH CITY FIRE INS. CO. v. WEEKS DRUG CO.

(Court of Civil Appeals of Texas.   Jan. 20, 1911.)

1. INSURANCE (§ 333*)—FIRE INSURANCE—INCREASE OF HAZARD.

A single effort by an unknown person to set fire to a building in which insured property was situated is not within a stipulation in the policy that it shall be void if the hazard be increased by any means within the control or knowledge of insured, and the failure of insured to inform insurer of the effort or to take steps to prevent its repetition does not defeat a recovery for a loss by an incendiary fire.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 847–855; Dec. Dig. § 333.*]

2. INSURANCE (§ 503*) — FIRE INSURANCE — AMOUNT OF RECOVERY.

A fire policy stipulated that insurer should not be liable for more than three-fourths of the actual cash value of each item of property covered by the policy. The agent who wrote the policy knew that insured was a lessee, but thought that he had title to partitions, doors, and windows in the building which in fact belonged to the lessor. Held, that insured, in case of a loss, could not recover the rental value of the property, or of office rooms formed by such partitions, doors, and windows.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 503.*]

Error from District Court, Nacogdoches County; James I. Perkins, Judge.

Action by the Weeks Drug Company against the Williamsburgh City Fire Insurance Company. There was a judgment for plaintiff, and defendant brings error. Conditionally affirmed.

See, also, 132 S. W. 121.

June C. Harris, Wm. Thompson, and G. S. Wright, for plaintiff in error. S. W. Blount and King & Strong, for defendant in error.

PLEASANTS, C. J. This is a suit by the Weeks Drug Company to recover upon a fire insurance policy in the sum of $1,000 issued by plaintiff in error and covering the furniture and fixtures in the drug store of the drug company, and also the partitions, doors, and windows in the second story of the building occupied by said company in the city of Nacogdoches. The policy was issued on April 1, 1907, and insured the prop-

---

erty for one year. The property was destroyed by fire on January 3, 1908.

In addition to a general denial and other special pleas, the defendant in the court below pleaded that the policy had become void before the loss occurred under the following provisions of the contract of insurance, viz.: "This entire policy shall be void if the hazard be increased by any means within the control or knowledge of the insured." The facts upon which this plea is based are as follows: The property was destroyed by a fire started by an unknown incendiary. The undisputed evidence shows that on December 30th next preceding the date of said fire an unsuccessful attempt was made, by an unknown incendiary, to set fire to the building in which the insured property was situated, and this attempt was made known to the president of the plaintiff drug company on the night it occurred and shortly after it was discovered. The plaintiff drug company did not inform the insurance company of said attempt to set fire to the building, and took no steps to prevent its repetition. The trial court ignored this defense, and instructed the jury that the only issue for their determination was the value of the property destroyed.

This charge is complained of by the first assignment of error. This court was of opinion that the assignment should be sustained, and the judgment of the trial court reversed and judgment rendered for plaintiff in error; but because of the holding of the Court of Civil Appeals for the Fourth District, upon these identical facts, that the question of whether the previous attempt to burn the building was such an increase in the hazard as would render the policy void under the provisions before quoted was a question of fact for the jury (Insurance Co. v. Drug Co., 118 S. W. 1087), we certified the question to the Supreme Court. In answering the question the Supreme Court holds that the increased hazard shown by the facts before stated was not the kind of hazard intended or contemplated by the provisions of the policy before set out. The question is fully discussed in the opinion of the Supreme Court above mentioned, which will be found in 132 S. W. 121. It follows from this opinion that the assignment is without merit, and must be overruled.

The second assignment of error complains of the charge of the court by which the jury are instructed that the plaintiff was entitled to recover the rental value of the partitions, doors, and windows mentioned in the policy for the time covered by plaintiff's lease on the building, and the third assignment complains of the ruling of the court in admitting in evidence the testimony of the witness E. N. Weeks as to the rental value of the office rooms in the second story of the building, which office rooms were formed in part by the partitions, doors, and windows referred to in the policy. The partitions, doors, and windows were not placed in the building under such agreement with the landlord, or under such circumstances as would preserve any title or ownership therein in plaintiff, who was lessee of the building, and it is conceded that plaintiff is not entitled to recover the value of said articles.

The policy contained the following provision: "It is understood and agreed to be a condition of this insurance that, in the event of loss or damage by fire to the property insured under this policy, this company shall not be liable for an amount greater than three-fourths of the actual cash value of each item of property insured by this policy (not exceeding the amount insured on each such item) at the time immediately preceding such loss or damage; and in the event of additional insurance—if any is permitted hereon—then this company shall be liable for its proportion only of three-fourths of such cash value of each item insured at the time of the fire, not exceeding the amount insured on each such item." The evidence shows that the agent of the company who wrote the policy knew the facts in regard to said partitions, doors, and windows, but thought that the facts showed title to said property in the plaintiff.

It is contended by defendant in error that under the rule announced in Insurance Co. v. Wingfield, 32 Tex. Civ. App. 194, 73 S. W. 847, upon the facts above shown the policy should be held to cover the rental value of the partitions, doors, and windows. The provisions of the policy are plain and unambiguous, and in event of loss the plaintiff could only recover three-fourths of the actual cash value of each item of property insured. The fact that plaintiff and the agent of the insurance company were mistaken as to the ownership of the property would not entitle plaintiff to recover its rental value. In the case cited the parties to the contract of insurance knew that the insured only had a right of possession in the house insured so long as he chose to occupy it, and it was held in effect that in insuring the house the company intended to insure the life estate or possessory right of the assured, and he was therefore allowed to recover the value of such life estate. It cannot be said from the facts of this case that the parties intended to insure the rental value of the property, but their manifest intention was to insure the value of the property itself. If it could be held otherwise, plaintiff was clearly not entitled to recover the rental value of the office rooms formed by the partitions, doors, and windows mentioned in the policy. The floors, roofs, and outer walls of the building formed the main part of these offices, and plaintiff claimed no interest in those portions of the building. He might have insured his leasehold interest in the building, but such interest is clearly not covered by the policy. We think this assignment should be sustained.

The fourth assignment complains of the verdict of the jury as excessive in amount. Except as to the item claimed as the value of the partitions, doors, and windows mentioned in the policy, this assignment is without merit. The amount plaintiff might have recovered under the evidence and charge of the court as the rental value of the partitions, doors, and windows was $177. Unless plaintiff will within 15 days remit this much of the amount recovered, the judgment of the court below will be reversed, and the cause remanded. If said amount is remitted, the judgment will be affirmed.