Statement.

# Richmond.

VIRGINIA FIRE & MARINE INS. CO. v. J. I. CASE THRESHING MACHINE CO.

November 21, 1907.

Absent, Cardwell, J.

1. FIRE INSURANCE—*Clause Against Encumbrances—Breach—Recorded Lien—No Representations—Return of Premium*—Where a policy of fire insurance provides that the policy shall be void if the property insured be or become encumbered by any lien by mortgage, deed of trust, judgment or otherwise, prior or subsequent to the date of the policy, and at the date of the insurance there is a deed of trust on the property, duly recorded, the policy is avoided thereby, if the company had no other knowledge of such deed, although the application for the insurance was verbal and no questions were asked, and no representations made by the assured as to encumbrances. The assured, by acceptance of the policy, is charged with notice of its contents and bound by its conditions, and the company, by issuing the policy without inquiry, does not waive the condition as to title or encumbrances, unless the facts were known to the company or its agents when the policy was issued, or the company was chargeable with such knowledge; nor is the company obliged to return, or offer to return the premiums voluntarily paid as a condition precedent to availing itself of its defense to an action on the policy.

Error to a judgment of the Circuit Court of Clarke county in a proceeding by motion for a judgment. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Marshall McCormick,* for the plaintiff in error.

*Whiting & Smith,* for the defendant in error.

. Buchanan, J., delivered the opinion of the court.

The policy of insurance upon which this proceeding is based contains the following provision: "This entire policy * * * shall be void * * * if the property hereby insured, or any part or item thereof, be or becomes incumbered by any lien by mortgage, deed of trust, judgment, or otherwise, either prior or subsequent to the date hereof."

There was a deed of trust upon the property insured at the date the policy was issued, and the question involved here is, whether upon the facts agreed, the whole matter of law and fact being submitted to the court, it erred in holding that the insurance company was liable.

The facts agreed are as follows:

"First: That C. K. Sowers, the assignor of the plaintiff, was approached by an agent of the defendant insurance company to take out a policy of insurance upon his machine, which said Sowers agreed to do, without making any verbal representation to said agent as to his title or ownership in said machine and fixtures; that no written application was presented to the insured, C. K. Sowers; none was signed by him; no questions were asked by the agents of the insurance company as to title or incumbrances.

"Second: That C. K. Sowers paid the permium for said insurance, and the policy sued upon was delivered to him.

"Third: That the insured C. K. Sowers complied with all conditions of said policy, and that the fire occurred as alleged in the plaintiff's notice, without any fault on the part of C. K. Sowers.

"Fourth: That the amount sued for, $700.00 is not more than three-fourths of the actual value of said machine and fixtures at the time it was burnt, as stated above.

"Fifth: That the property insured was encumbered by a deed of trust to secure part of the unpaid purchase money due to the

plaintiff, which deed of trust was of record in the clerk's office of Clarke county. The compliance with the conditions of the policy referred to in the third clause of this agreement of facts does not refer to the condition, and was not intended to include the condition that there should be no existing or after-created encumbrance. It still, however, being agreed, that as to this condition, no written application was made, that none was either presented to the applicant or signed by him, that no questions were asked by the agent of the company as to encumbrances, and no verbal representations were made by C. K. Sowers, the insured, as to encumbrances."

Upon these facts, under the decision of this court in the case of *Westchester Fire Ins. Co.* v. *Ocean View Pleasure Pier Co.,* 106 Va. 633, 56 S. E. 584, 1 Va. App. 61, the insured was not entitled to recover. In that case our decisions bearing upon the question under consideration were reviewed, and the conclusion reached, that where the condition of a fire insurance policy is that it shall be void if the interest of the insured be other than unconditional ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, the insured by accepting the policy is charged with notice of its contents and bound by its conditions, and the company by issuing the policy without inquiry does not waive the condition as to title and ownership unless the facts were known to the company or its agent when the policy was issued, or the company was chargeable with such knowledge; and that the insurance company is not obliged to return or offer to return the premiums voluntarily paid before notice of the fact that the policy was not in force as a condition precedent to availing itself of its defence to an action on the policy. In that case the condition of the policy was that it should be void if the interest of the insured was other than unconditional and sole ownership, or if the building insured should be upon ground not owned by the insured in fee simple. In this case, the condition of the

policy is that it shall be void if the property insured, or any part thereof, was then or should become incumbered by any lien by mortgage, deed of trust, judgment or otherwise. If a breach of the condition in the one case avoided the policy, there is no reason why a breach in the other should not do so, for the principle involved in both is the same, and the current of authority is that the policy in the one, as in the other case, stands avoided under the facts disclosed by this record. 19 Cyc. 701.

The judgment of the circuit court must, therefore, be reversed; and this court will render such judgment as that court ought to have rendered.

*Reversed.*