VOL. 62, JUNE TERM, 1911. 239

Mizell Live Stock Co. v. J. J. McCaskill Co.—Opinion of Court.

MIZELL LIVE STOCK COMPANY, A CORPORATION, *Plaintiff in Error,* v. J. J. McCASKILL COMPANY, A CORPORATION, *Defendant in Error.*

The doctrine of election of remedies when it applies to all, applies as a general rule to the first pronounced act of election or suit, and makes it a defense to the prosecution of a second inconsistent suit or remedy.

This case was decided by Division B.

Writ of error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*C. L. Wilson,* for Plaintiff in Error;

*Wm. W. Flournoy,* for Defendant in Error.

HOCKER, J.—On the 23rd, day of July 1908, the plaintiff, Mizell Live Stock Company, a corporation, brought an action of replevin in the Circuit Court of Walton County against the defendant, J. J. McCaskill Company, to recover the possession of one sorrel mare mule about eight years old, and one black horse mule about five years old, each of the value of $250.00. The defendant filed a plea of not guilty on the 10th, of October 1908, and also on the 4th, of May 1910, a special plea setting up in substance that on the 2nd, of January 1909, the plaintiff filed a bill of complaint in the Circuit Court of Jackson County against J. J. McCaskill Company, to foreclose a mortgage lien on one sorrel mare about seven years old and one black horse mule about four years old, being the same mules described in the declaration; that

said foreclosure suit was prosecuted to final decree, and that by reason of said foreclosure proceedings and final decree, plaintiff elected to have the sale of said mules as absolute, and by such action and such final decree plaintiff's election became irrevocable and a bar to the prosecution of this suit. Copies of the bill of complaint, the mortgage and the decree are made parts of the plea.

The instrument called the mortgage was before this Court for examination in the case of Mizell Live Stock Co. v. J. J. McCaskill Co., 59 Fla. 322, 51 South. Rep. 547. On page 329 this Court distinctly held that by the instrument in question it was the clear intention that the title to the first two mules described therein was to remain in the seller, the Mizell Live Stock Co., until the purchase price was paid, and that also a mortgage on other property was intended to be executed by Grace, the buyer, for the purpose of further securing the payment of the purchase price of such mules. It is apparent that this Court construed the instrument as not being a mortgage on the mules bought by Grace of the Mizell Live Stock Company, but no other property, and on that theory that the plaintiff in that suit which is the same suit we are now dealing with, had the right to introduce said instrument in evidence in support of its contention that the title and right of possession of the mules sold to Grace was in it.

The foreclosure suit set up in the plea seems to have been commenced about the time when this replevin suit was first brought to this Court and which we dealt with in 59 Fla. 322, *Supra.*

The trial Court held that the instrument in question was a mortgage, and not one reserving the title in the seller to the mules in question—which ruling this Court reversed.

This plea setting up the foreclosure suit and the decree therein obtained in bar of this action was demurred to by the plaintiff on the 4th, day of May 1910, and among the grounds of demurrer are these in substance:

1st. That the plea does not show any execution or enforcement of the decree against the said J. J. McCaskill Company.

2nd. That said plea shows said foreclosure proceeding was instituted long after the institution of this replevin suit.

3rd. Because the alleged foreclosure proceedings were instituted after the trial Court herein had held that the paper purporting to retain title was a mortgage, not enforceable as a retention of title.

4th. Because the plea does not allege the collection by the plaintiff of the alleged mortgage or purchase money note in said foreclosure proceedings, or the payment of the said decree-

This demurrer was overruled, and the plaintiff then and there filed a replication stating in effect that the foreclosure proceedings were begun long after the institution of this replevin suit; That said decree has never been executed or enforced against the defendant in this case; that nothing has been collected under it; that the purchase money paper under which plaintiff retained title to the mules herein sought to be recovered is both a retention of title and a mortgage, and that plaintiff is now entitled to recover the said mules; and, second, that the foreclosure proceeding was instituted long before the institution of this suit against D. C. Grace, and a corporation known as "J. J. McCaskill Company, a corporation," and that the service was upon, and the decree against said corporation, but in fact there was no such corporation, and the defendant in this suit is a corpora-

242    SUPREME COURT OF FLORIDA.

Mizell Live Stock Co. v. J. J. McCaskill Co.—Opinion of Court.

tion known as "The J. J. McCaskill Company, a corporation," and that the decree against J. J. McCaskill Company, a corporation, could not be enforced.

This replication was demurred to and the demurrer was sustained. The plaintiff not desiring to join issue on the defendant's plea, the Court directed that judgment be entered for the defendant, which was accordingly done.

On writ of error the assignments of error are:

First, the court erred in overruling the demurrer of the plaintiff filed May 4th, 1910, to the plea of defendant filed on the same day.

Second, the court erred in sustaining the demurrer of the defendant to the first and second replications of the plaintiff to the plea of defendant.

It will be observed that the defendant by its special plea invoked the doctrine of election of remedies as a bar to this replevin suit, the election consisting in the institution of a foreclosure suit brought subsequently to this action. The doctrine of election of remedies when it applies at all, applies as a general rule to the first pronounced act of election or suit and makes it a defense to the prosecution of a second inconsistent suit or remedy. We have discovered no case in which the doctrine has been applied as it is attempted to be applied in this plea. Am. Proc. Co. v. White P. B. Co. 56 Fla. 116; 7 Ency. Pl. & Pr. 362, 363. The whole theory upon which the lower court entertained the foreclosure suit as to the mules now in question was overthrown in the case of Mizell Live Stock Co. v. J. J. McCaskill Co., *Supra*. The plea therefore set up no defense to this replevin suit, and the demurrer to it should have been sustained. This conclusion makes it unnecessary to discuss the other assignment of error.

The judgment below is reversed.

TAYLOR and PARKHILL, J. J., concur.

WHITFIELD, C. J. and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.