GEORGIA HOME INSURANCE COMPANY, A CORPORATION, *Plaintiff in Error,* v. W. H. HOSKINS, *Defendant in Error.*

## Opinion filed March 1, 1916.

1. All parties litigant who are *sui juris,* including insurance companies and persons having property insured as well as others, in the eyes of the law, before the court, stand upon an equal footing entitled to equal rights and protection, and none to special privileges. All parties are free to make whatever contracts they please, so long as no fraud or deception is practiced and the contract is legal in all respects.

2. Where a party voluntarily accepts a fire insurance policy from an insurance company, no fraud or deception being practiced, in an action brought upon such policy the insurance company may base its defense to such action upon the failure of the insured to comply with any of the provisions of such policy, provided the same are lawful.

3. Where a person voluntarily accepts a fire insurance policy from an insurance company, no fraud or deception being practiced, containing the following provision: "This entire. policy, unless otherwise provided by agreement and indorsed hereon or added hereto, shall be void * * * if the subject of insurance be personal property and be or become encumbered by a chattel mortgage," when there is no element of waiver or estoppel, arising from knowledge of the company, or its agent, the execution of a chattel mortgage upon the property insured renders the policy void and constitutes a good defense to an action brought thereon. The insured is bound by the terms of the policy which he accepts, and the fact that no inquiries were made by the company or its agent, and no representations were made by the insured in a written application or otherwise, cannot strike out such provision in the policy. Likewise, the encumbering of the insured property by the execution of a chattel mortgage thereon subsequent to the issuance of an insur-

ance policy constitutes a good defense to an action brought thereon.

4. No particular form of words is necessary to constitute a chattel mortgage; if, without regard to form, the instrument is in legal effect a chattel mortgage, it will void a fire insurance policy which contains a provision to the effect that, if the insured personal property is or becomes encumbered by a chattel mortgage, the policy shall be void.

5. As to whether or not a written instrument is in legal effect a chattel mortgage is a question of law, to be determined by the Court, and it is error to submit such question to the jury.

6. Where a written instrument has been introduced in evidence it is error to admit the testimony of one of the parties who executed such instrument as to what he and the other party who executed the same intended thereby, especially when this court has construed an instrument practically identical with the instrument introduced in evidence and announced its character and legal effect.

Writ of Error to Circuit Court, Jackson County; D. J. Jones, Trial Judge.

Judgment reversed.

*Wm. B. Farley,* for Plaintiff in Error;

*John H. Carter* and *W. H. Price,* for Defendant in Error.

SHACKLEFORD, J.—On the 7th day of March, 1910, W. H. Hoskins instituted an action at law against the Georgia Home Insurance Company, a corporation, upon a fire insurance policy. The declaration substantially follows the statutory form in such cases, a copy of the pol-

icy being attached thereto. The policy is dated the 5th day of August, 1909, to cover for one year the household and kitchen furniture of W. H. Hoskins to the amount of $500.00, which property is alleged to have been destroyed by fire on the      day of October, 1909. On the 2nd day of May, 1910, the defendant filed the following pleas:

"1. That the alleged contract sued upon called a policy contains a provision and stipulation in substance and to the effect as follows: 'This entire policy unless otherwise provided for by an agreement endorsed thereon, or added thereto, shall be void, if the subject of insurance be personal property and be or become incumbered by a chattel mortgage.' And defendant further avers that the subject of insurance covered by said policy was personal property, and there never was any agreement endorsed thereon or added to said policy permitting or otherwise providing the said property had been or might become incumbered by a chattel mortgage; but that in violation of said stipulation and provision the said plaintiff had incumbered said property by executing a chattel mortgage on same to H. V. Maund, dated the 1st day of February, 1909, and another chattel mortgage to H. V. Maund executed October 16th, 1909, and that said first chattel mortgage was in full force, not paid, satisfied or cancelled at the time of the execution by defendant of the policy sued upon and at the time of said alleged loss of the property by fire as in the declaration alleged, and that the second of said mortgages was executed after the time of the execution of the policy sued on and was in full force, not paid, satisfied or cancelled at the time of said alleged loss of the property by fire as in the declaration alleged.

2. And for second plea defendant says that the al-

leged contract sued upon called a policy contains a pro-
vision and stipulation in substance and to the effect as
follows: This entire policy unless otherwise provided
for by agreement endorsed thereon or added thereto shall
be void if the subject of insurance be personal property
and be or become incumbered by a chattel mortgage.
And defendant further avers that the subject of insur-
ance covered by said policy was personal property and
that there never was any agreement endorsed thereon or
added to said policy permitting or otherwise providing
the said property had been or might become incumbered
by a chattel mortgage; but that in violation of said stip-
ulation and provision, after the issuance of said policy
and its delivery and acceptance, the said plaintiff did
mortgage the property the subject of the said insurance
to one H. V. Maund by executing to said H. V. Maund
a chattel mortgage upon said property dated October
16th, 1909, for $102.50 due October 1st, 1910, which in-
cumbrance and mortgage was in full force, not paid, sat-
isfied or cancelled at the time of the said alleged loss of
the property by fire as in the declaration is alleged.

3. And for the third plea the defendant says: That
contrary to the stipulations and conditions of the policy
of insurance sued upon, the plaintiff had on the 1st day
of February, 1909, incumbered the said property de-
scribed in said policy of insurance with a chattel mort-
gage executed by plaintiff to one H. V. Maund; and after
the execution and delivery of said policy, the plaintiff
further violated the said stipulations and provisions of
said policy by again incumbering said personal property
so insured by another chattel mortgage of said H. V.
Maund executed on the 16th day of October, 1909, which
mortgages were and continued in force and unpaid, un-
cancelled and unsatisfied from their execution until after

the alleged loss by fire set up in plaintiff's declaration; and of said mortgages defendant had no notice and no agreement permitting or otherwise providing for such incumbrance of such property was ever endorsed upon said policy, nor was such incumbrance ever consented to or acquiesced in by the defendant.

4. And for a fourth plea the defendant says: That at the time said policy of insurance was executed and delivered the plaintiff had already incumbered said property the subject matter of the insurance by a chattel mortgage of which the defendant knew nothing, contrary to the stipulations in said policy contained, which chattel mortgage was then and there a valid existing lien and incumbrance upon the personal property described in said policy of insurance, and was not consented by the defendant in writing or otherwise. The lien and chattel mortgage being a chattel mortgage to one H. V. Maund upon all the personal property of plaintiff including his household and kitchen furniture of every kind and character in Jackson county, Florida, and thereby the said policy became void and of none effect under the stipulations of said policy set up in plaintiff's declaration.

All of which matters and things this defendant is ready to verify and prove, and of this it put itself upon the country."

A replication was filed to these pleas, which was subsequently withdrawn by the agreement of counsel and the following replications filed on the 21st day of April, 1915:

"Now comes the plaintiff, by his attorneys, and with the consent of defendant, by its attorneys, withdraws the replication heretofore filed to defendant's pleas herein, and for replication to said pleas, says:

1. That he did not make the instruments mentioned in said pleas, nor either of them.

2. That he never executed the chattel mortgage upon the property insured, either before said policy was issued, or afterwards.

3. That as to the instruments referred to in said pleas, the defendant had notice of the one of February 1, 1909, before and at the time said policy was issued and delivered by defendant, and afterwards up to the time of the fire, but neglected to declare said policy void or to return the premium received by it thereon, and neglected to notify plaintiff that the giving of another such instrument would avoid said policy.

Subject to the foregoing replications, plaintiff joins issue upon said pleas, and each of them."

And on the same date the following additional replications were filed:

"The plaintiff, for additional replications to defendants pleas says:

For replication to the second plea, that the policy sued upon was issued by defendant upon an oral application by plaintiff, and no question was asked plaintiff about mortgages or encumbrances upon the property, and no representation was made by plaintiff relative thereto, and plaintiff did not warrant against encumbrances or chattel mortgages; and notwithstanding this, defendant issued said policy and delivered same to plaintiff, and accepted from plaintiff the premium thereon, and did not thereafter ever offer to return said premium or cancel said policy.

For replication to the first, third and fourth pleas, and to each of them, the policy sued on was issued by defendant upon the verbal application of plaintiff, and no question was asked in regard to chattel mortgage against said property, present or future, and no representation

was made by plaintiff that said property was not then, or would not in future be encumbered by mortgage, and no warranty to that effect was demanded by defendant nor made by plaintiff, and at no time after the issuance and delivery of said policy to plaintiff and the acceptance by defendant of the premium thereon was plaintiff notified that an encumbrance of said property would be construed as a forfeiture thereof by defendant; and notwithstanding this, defendant accepted and retained the premium on said policy, and did not offer to return same nor to cancel the policy."

To these additional replications the following demurrer was interposed:

"Now comes the defendant by its attorney, and demurs to the additional replications of the plaintiff, and says that the said additional replications, and each of them, are bad in substance, upon the following grounds, to-wit:

1. The additional replication to defendant's second plea is vague, indefinite, uncertain and unsufficient, and sets up matters immaterial to the issue.

2. The policy itself is the best evidence of the contract of insurance, and its acceptance by plaintiff binds him to its terms, stipulations and warranties.

3. The replication to the second plea shows no waiver of the stipulation of the policy set up in the second plea.

4. The additional replication to the first, third and fourth pleas is vague, indefinite, uncertain and unsufficient, and sets up matters immaterial to the issue.

5. The policy itself is the best evidence of the contract of insurance, and its acceptance by plaintiff binds plaintiff to its terms, stipulations and warranties.

6. The replication to first, second and fourth pleas

shows no waiver of the stipulations of the policy set up in said pleas.

7.  To both of said additional replications:  The giving of a mortgage after  the  policy as written was accepted would violate the stipulation and warranty set up in the pleas."

Upon this demurrer the following order was made:

"This cause coming on to be heard upon demurrer of defendant to plaintiff's additional replication to defendants pleas it was ordered that said demurrer be and the same is hereby sustained as to the replication to second plea and sustained to the replication to first and second and fourth pleas so far as the mortgage of October 16, 1909, is concerned, but overruled as to mortgage of February, 1909."

The defendant joined issue upon the replications and the cause was submitted to a jury upon the issues made by the pleadings as they then stood, which resulted in a verdict in favor of the plaintiff for $801.33 for principal, interest and attorney's fees, upon which judgment was entered, which judgment is brought here for review and nineteen errors are assigned.

We shall not discuss in detail the errors  assigned. The order made by the Court upon the demurrer interposed to the additional replications is not entirely clear. Undoubtedly the demurrer was sustained as to the additional replication to the second plea, which had the effect of eliminating such replication and leaving issue joined on such pleas by the plaintiff.  Such order did not mention the third plea, but obviously intended to refer to such third plea and inadvertently repeated the word second, to which second plea the demurrer had already been sustained.  It will also be observed that the fourth plea does not mention or refer to the mortgage averred to

have been executed in October, 1909. As we understand the effect of this somewhat confusing or ambiguous order, it eliminated the February mortgage as a defense. We are strengthened in this conclusion by virtue of the fact that the court by its general charge would seem to have submitted the case to the jury upon the issue raised by the second plea, as to whether or not the plaintiff had encumbered the property by executing a chattel mortgage thereon subsequent to the writing and delivery of the policy. The policy contains the following stipulation: "This entire policy, unless otherwise provided by agreement and indorsed hereon or added hereto, shall be void * * * if the subject of insurance be personal property and be or become encumbered by a chattel mortgage." As we held in Southern Home Insurance Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922:

"All parties litigant who are *sui juris*, including insurance companies and persons having property insured as well as others, in the eyes of the law, before the court, stand upon an equal footing, entitled to equal rights and protection, and none to special privileges. All parties are free to make whatever contracts they please, so long as no fraud or deception is practiced and the contract is legal in all respects.

Where a party voluntarily accepts a fire insurance policy from an insurance company, no fraud or deception being practiced, in an action brought upon such policy the insurance company may base its defense to such action upon the failure of the insured to comply with any of the provisions of such policy, provided the same are lawful."

As will be observed, the stipulation in the policy,

which we have copied above, expressly provides that the policy shall be void if the personal property insured *"be or become encumbered by a chattel mortgage."* We know of no reason why such provision is not lawful or why the failure of the insured to comply therewith would not constitute a good defense to an action brought upon the policy. See 2 Clement's Fire Insurance, Title V, entitled "Incumbrance by Chattel Mortgage," beginning on page 191, especially Rule 11 found on page 199, which is as follows: "When there is no element of waiver or estoppel, arising from knowledge of the company or its agent, the existence of a chattel mortgage renders the policy void. The insured is bound by the terms of the policy which he accepts, and the fact that no inquiries were made by the company or its agent, and no representations by the insured in a written application or otherwise, cannot strike out the provision of the policy." Also see the authorities there cited in support of the text. The case of Virginia Fire & Marine Ins. Co. v. J. I. Case Threshing Mach. Co., 107 Va. 588, 59 S. E. Rep. 369, is well in point, wherein it was held:

"Insured, by accepting a policy on incumbered property containing a condition that it should be void in case the property insured should be or become incumbered prior or subsequent to the date of the policy, was charged with notice of and bound by such condition.

Where a policy insuring certain incumbered personal property was issued without written application, knowledge, or notice on the part of the insurer or its agent that the property was incumbered, insurer did not waive a condition that the policy should be void in case the property was or should become incumbered.

Where a policy insuring incumbered property was void from its inception, because of the incumbrance, the

insurer was not required to return or offer to return premiums voluntarily paid before notice of the invalidity of the policy as a condition precedent to its right to avail itself of such defense in an action on the policy."

We would also refer to our discussion in J. I. Kelly Co. v. St. Paul Fire and Marine Insurance Co., 56 Fla. 456, 47 South. Rep. 742, 16 Ann. Cas. 654, wherein we were dealing with the provision in the policy that the same should be void if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by the policy by virtue of any mortgage or trust deed, which provision we held to be "a wise and proper safeguard." As we said in Southern Home Insurance Co. v. Putnal, 57 Fla. 199, text 223, 49 South. Rep. 922, "the plaintiff having accepted a policy from the defendant with such a clause or condition of the contract therein, why should not the defendant have the legal right, in an action brought against it, on such policy, to base its defense on such provision?" Under such provision the defendant not only has the right to defend by reason of a mortgage having been executed on such property subsequent to the execution of the policy, but also by reason of the fact that a mortgage existed thereon at the time such policy was issued, of which the defendant company had no notice. By depriving the defendant of the benfit of such defense the trial court committed error. We find from the testimony adduced that Moses Guyton, the agent of the defendant, who issued the policy, testified that at the time he issued the same he did not as such agent know of the existence of any incumbrance upon the property insured. We further find from the evidence that the policy was dated the 5th day of August, 1909, and that the first chattel mortgage was executed upon the insured prop-

erty by the plaintiff to Maund on the first day of February, 1909, to secure the payment of a promissory note, payable on or before the first day of May, 1909, for the sum of $166.00, but the note and mortgage together formed only one instrument and it was expressly stipulated therein that $50.00 of the above amount was to be paid at maturity and the "balance to be extended till October 1st, 1909." If the balance was as a matter of fact so extended it remained as an existing incumbrance upon the property at the time the policy was issued. As to just when all of this amount was actually paid the testimony of neither the plaintiff or Maund is very clear. We shall not undertake to discuss their testimony. Even if we should assume that the testimony established the payment of the entire amount of this first mortgage prior to the issuance of the policy, that would not cure the erroneous ruling made by the court upon the pleadings. Be all this as it may, the testimony clearly establishes that a second chattel mortgage was executed by the plaintiff to Maund on the 16th day of October, 1909, upon the insured property to secure the payment of the sum of $102.52, payable on or before the 1st day of October, 1910. It makes no difference when the amount so secured was paid, whether before, at or after maturity, or whether prior or subsequent to the fire which destroyed the insured property, its execution was a clear violation of the provision in the policy relating to incumbrances which we have copied above. After some vacillation and uncertainty in his testimony, the plaintiff finally admitted that he paid such amount after the fire had occurred and after Maund had brought suit against him. The plaintiff sought to avoid the force and effect of this instrument by contending that it was not a chattel mortgage and introduced Maund as a witness in his behalf,

who was permitted to testify, over the objection of the defendant, to the effect that neither he, Maund, nor the plaintiff intended or considered such instrument as a chattel mortgage, but only as "a retain title paper" for the horse which Maund had sold to the plaintiff. There is no occasion to set forth Maund's testimony. It is sufficient to say that the court erred in admitting his testimony as to his construction of such instrument and as to what he and the plaintiff intended thereby. We had occasion to consider an instrument practically identical with the instrument which was introduced in evidence in the instant case in Mizell Live Stock Co., v. J. J. McCaskill Co., 59 Fla. 322, 51 South. Rep. 547, and held that such instrument was both a retain title instrument and a chattel mortgage. We shall not repeat what we said there. See also our discussion in Mizell Live Stock Co. v. J. J. McCaskill Co., 62 Fla. 239, 56 South. Rep. 391, Ann. Cas. 1913 D. 1197. Also see 2 Clement's Fire Insurance 195, where it is said: "No particular form of words is necessary to constitute a chattel mortgage; if, without regard to form, the instrument is in legal effect a chattel mortgage, it voids the policy," and a number of authorities are cited which support the text.

It necessarily follows from what we have said that the judgment must be reversed.

Judgment reversed.

TAYLOR, C. J., and COCKRELL and ELLIS, JJ., concur.

WHITFIELD, J., absent on account of illness.