R. L. JONES, *Plaintiff in Error*, v. THE AMERICAN EAGLE INSURANCE COMPANY, *Defendant in Error.*

Division B.

Opinion Filed March 27, 1926.

*John M. Calhoun* and *Wm. B. Farley*, for Plaintiff in in Error;

*Carter* and *Solomon*, for Defendant in Error.

BUFORD, J.—The plaintiff in error sued the defendant in error for loss of household and kitchen furniture, the property being described in the policy as follows:

"$800.00—On Household and Kitchen Furniture of every description useful and ornamental, family wearing apparel and material for same, Traveling Equipment, Books, Musical instruments and Music, Pictures, Engraving and their Frames (at not exceeding cost), Firearms and Accoutrements, Bicycles, Bronzes, Statuary, Articles of Virtu, Jewelry in use, Fuel and Household Stores and such other articles as are generally used in housekeeping, the property of assured, or of any member of the family, only while contained in the one story frame building and its additions, with shingle roof, occupied as a dwelling house by tenant, situate No.........on the........side of ............Street, Block No.........One mile south of Blue Springs Road and 6 miles east of Marianna, Florida. $Nil..............On................................ $Nil..............On................................

Total insurance permitted warranted concurrent herewith, including this policy, $800.00."

The defendant filed four pleas as follows:

"1. That the policy of insurance sued on contained a provision as follows, to wit:

'This entire policy, unless otherwise provided by agreement endorsed herein or added hereto, shall be void, x x x x if the subject of insurance be personal property and be or become encumbered by a chattel mortgage."

"And defendant alleges that at the time plaintiff pro-

cured said policy of insurance, the property insured by said policy was personal property, and all of said property so insured was then and there encumbered with a chattel mortgage then and there outstanding and in full force for the sum of $250.00 executed and delivered by the plaintiff to C. C. Liddon & Co., dated Feb. 14, 1923, in Book 170, page 488, Records of Mortgages of Jackson County, Florida, that no agreement was endorsed on said policy or added thereto relating to said mortgage. Wherefore defendant says said policy is void.

"2. That the policy of insurance sued on contained a provision as follows, to-wit: 'This entire policy, unless otherwise provided by agreement endorsed herein or added hereto shall be void * * * if the subject of insurance be personal property and be or become encumbered by a chattel mortgage.'

"And defendant alleges that at the time plaintiff procured said policy of insurance, the property insured by said policy was personal property, and all of said property so insured was then and there encumbered with a chattel mortgage then and there outstanding and in full force for the sum of $478.00, executed and delivered by the plaintiff to O. M. Holman, trading and doing business as Holman Live Stock Co., dated January 14, 1923, recorded in Mortgage Record 170, page 453, Records of Mortgages of Jackson County, Florida. That no agreement was endorsed on said policy or added thereto relating to said mortgage.

"Wherefore, defendant says said mortgage is void.

"3. That the plaintiff procured the destruction by fire of the property insured by said policy by procuring and causing his son, John Jones, to set fire to the building

containing said property for the purpose of collecting the insurance provided for in said policy.

"4. The plaintiff has not been damaged as alleged."

Motion was made to strike each of the pleas which was denied; demurrer was filed to pleas which was overruled. Thereupon the plaintiff joined issue upon defendant's third and fourth pleas and filed replication to the first plea and the second plea as follows:

"2. The plaintiff as to the First Plea says that the chattel mortgage referred to in the defendant's said First Plea is a mortgage executed by plaintiff R. L. Jones to C. C. Liddon & Co. dated and recorded as in said pleas set forth, upon the property in said mortgage described as follows:

"All and singular the goods and chattels as follows to-wit: All of the crops of cotton, corn, cane and other agricultural products grown by me or that I have an interest in, grown or produced on any lands in Jackson County, Florida, during the years 1923. Also all my live stock and all other personal property of every description that I now own or that I may own before the payment of this obligation. Also the following specific personal property:—1 farm on the Gammon place seven miles east of Marianna. It is understood that Henry Wester owns a half interest in 45 acres water melons, balance are mine. I expect 40 acres of cotton. 60 acres in corn. I promise to pay $150.00, but Henry Wester to pay $90.00 of this. All warranted free from encumbrance and against adverse claim.' And that the said chattel mortgage did not describe or cover any other property than that shown by the foregoing description; wherefore plaintiff says that the subject of insurance was not encumbered by such chattel mortgage, and that said policy is not void.

"3. The plaintiff as to the Second Plea of Defendant says: That the chattel mortgage referred to in defendant's said Second Plea is a mortgage executed by plaintiff R. L. Jones only, to Holman Live Stock Co. dated and recorded as in said plea is alleged, upon the property in said mortgage described as follows:

"'All and singular the goods and chattels as follows, to-wit: All crops of cotton, corn, cane and other agricultural products grown by me, or that I have an interest in, grown or produced on any lands in Jackson County, Florida during the years, 1921, 1922, 1923; also all my live stock and all other personal property; One bay horse mule six years old, also one Jersey cow valued at $100.00. Also three Jersey and Holstein heifers. Cow is marked but I don't remember the mark. Heifers, one is marked round hole in each ear, and the other is unmarked. Three heifers valued at $40.00 each, and the mule at $150.00, and are all in my possession at my home six miles East of Marianna, Fla., on the Gammon old farm. This note is given to further better secure one note given by me to Holman Live Stock Co. on Dec'r. 9th, '22 for this amount, and is to be attached to said note, but this amount is all I am due to this date. This note is given also to release all of Holman Live Stock Co. claim against R. L. Jones' crop. All warranted free from encumbrance and against adverse claim.'

"And that the said chattel mortgage did not describe or cover any other property than that shown by the foregoing description; wherefore plaintiff says that the subject of insurance was not encumbered by such chattel mortgage, and that said policy is not void.

"4. For further replication to defendant's first and second pleas, plaintiff says that the subject of insurance was not and is not and has never been encumbered by a chattel mortgage as stated in said two pleas, but each of

said mortgages referred to by defendant was upon property of R. L. Jones not included in the subject of insurance, and it is not true that all the property then and there insured was then and there covered with a chattel mortgage as is averred in said two places; but on the contrary the mortgage mentioned in the first plea was a mortgage upon the crops, and so intended, and the mortgage mentioned in the second plea was a mortgage upon live stock, and a release of all liens upon the said crop, and said mortgages were so given, taken and understood; wherefore plaintiff says that said policy is not void.

"5. And for fifth Replication, to defendant's first and second pleas, plaintiff says that it is not true as alleged in said pleas that 'all of said property so insured was then and there encumbered with a chattel mortgage,' and plaintiff avers that said policy is not void."

Demurrer was filed by the defendant to plaintiff's replication as follows:

"1. That each of said replications are vague, indefinite, uncertain and insufficient and sets forth no sufficient reply to defendant's pleas.

"2. It affirmatively appears that the mortgage described in the second replication is a valid chattel mortgage on the property covered by the policy of insurance sued on.

"3. It affirmatively appears that the mortgage described in the third replication is a valid chattel mortgage on the property covered by the policy of insurance sued on.

"4. The replication seeks to lay the foundation for the introduction of parol evidence to vary, alter and contradict the terms of a written instrument.

"5. The chattel mortgage described in the 4th replication cannot be impeached in the manner attempted by said replication."

Thereafter plaintiff filed additional replications to each the first plea and the second plea as follows:

"1.   As to the First Plea, that he takes issue thereon.

"2.   As to the Second Plea, that he takes issue thereon.

"3.   That as to the First and Second pleas plaintiff says, that the chattel mortgages referred to in said pleas respectively were mortgages executed by the said R. L. Jones only and were not joined in or made by or for any other member of his family, nor by his wife; That the subject of insurance as is described in the policy attached to the declaratioin was and is not merely property of said R. L. Jones, but also included the property of other members of plaintiff's family, including the separate statutory property of Mary Jones, wife of said R. L. Jones which said separate statutory property composes a large part of the list of property destroyed by fire as shown by the exhibit to the declaration, and for which this suit is brought, being property covered and allowed to be covered by the express terms of the policy sued on, and this property was not and could not be covered by the alleged mortgage of R. L. Jones, only, referred to in said pleas; wherefore plaintiff says that it is not true that 'all of said property so insured was then and there encumbered by a chattel mortgage' as averred in each of said pleas, and that the policy is not void."

The third replication was demurred to.   Upon hearing the Court made its order on demurrer as follows:

"This cause coming on to be heard upon the demurrer of the defendant to plaintiff's replications to defendant's First and Second Pleas, being a demurrer to plaintiff's Second, Third and Fourth replications, and the demurrer on Defendant to Plaintiff's Additional replications to said first and second pleas, such replication being number 3, and the plaintiff, by leave of Court withdrawing his 1st

and 2nd Additional replications to said First and Second pleas of defendant, the respective parties being present by counsel and consenting to the hearing of both demurrers at this time, after argument of counsel and consideration thereof, the Court being advised of its opinion, it was ordered that said demurrers and each of them be and the same are hereby sustained; And the plaintiff not desiring to amend or to further reply to the defendant's said First and Second pleas, and it appearing that said pleas are to the whole declaration and stand confessed of record and the defendant asking for final judgment to which plaintiff offers no objection it is ordered and adjudged that the defendant go hence without day, and that the defendant do have and recover of the plaintiff its costs in this behalf expended.''

Upon which order and final judgment writ of error was taken.

It appears from the record that the issues of law were presented under the demurrers to the replications to the first and second pleas. The plaintiff by leave of Court having withdrawn his joinders of issues upon the first and second pleas, it appears that the defendant elected to rest its case upon the first plea and the second plea and the plaintiff elected to stand upon his replications to the first plea and the second plea.

The question presented to the Court is the proper construction and interpretation to be placed upon the chattel mortgage clause contained in the Fire Insurance Policy as applied to household and kitchen furniture as insured therein.

The First Plea referred to a mortgage executed by the plaintiff to C. C. Liddon & Co. dated February 14, 1923, and the Second Plea referred to a mortgage made by the

plaintiff to O. M. Holman Live Stock Co. dated January 14, 1923. The replications assert that the property insured was not included by either of said mortgages and further avers that a large part of the loss sued for was for the destruction of property included in the policy which was the separate statutory property of Mary Jones, wife of the complainant.

The demurrer admits the truth of the material allegations contained in the replications.

The husband as head of the household may insure the personal property and effects of himself and of the members of his family provided there is no misstatement of or misrepresentation as to the ownership of the property.

Under the law in this state the husband is entitled to the custody and control of the wife's property.

Revised General Statutes 3948.

The policy sued on in this case insured the household goods the property of the assured or of any member of the family.

In Trade Insurance Co. v. Barracliff, 45 N. J. L. 543, 46 A. R. it is held: "A husband in possession and enjoyment with his wife of her real and personal property, with an inchoate right of courtesy, has an insurable interest in both, and where the intention was evinced to insure the whole ownership, may recover the loss."

Lenagh et al. v. Commercial Union Assr. Co. 77 Neb., 649, 110 Northwestern 740, it is held: "Husband and wife have each and both a pecuniary and insurable interest in all articles comprised in the furniture of their household, or which are necessary or convenient and actually in use in the maintenance of their domestic relation, regardless of whose money paid for them, or by what means or from what sources they were obtained."

"Where a husband has the right to rents and profits of his wife's lands during her life or to the use of her personality he has an insurable interest therein, and where, in such a case, a policy is procured with intent to recover the interest on the property a recovery is not limited to the husband's interest."

14 R. C. L. Page 917.

While the husband has an insurable interest in the household goods and effects which constitute separate property of the wife he has no authority to pledge or mortgage such property without being joined therein by the wife.

Shomaker v. Waters, 59 Fla. 414, 52 So. 586.

McNeil v. Williams, 64 Fla. 97, 59 So. 562.

The creation of a valid chattel mortgage on a part of the property insured would only have the effect of making the policy sued hereon void as that part of the insured property, which was covered by the mortgage and would not have the effect of forfeiting the plaintiff's right to recover for the loss of insured property which was not covered by mortgage.

Upon consideration of the description of the property embraced in the mortgage we find that the language used in the C. C. Liddon & Company's mortgage, to-wit: "Also all my live stock and other personal property of *every description* (italic ours) that I now own or that I may own before the payment of this obligation" is sufficient to cover all household and kitchen furniture owned by the maker of the mortgage.

Ga. Home Ins. Co. v. Hoskins, 71 Fla. 282, 71 So. 285.

Mizell Live Stock Co. v. J. J. McCaskill Co. 62 Fla. 239, 56 So. 391.

The third replication to the first and second pleas presents allegations upon which the plaintiff is entitled to

recovery and is responsive to the pleas which allege that the insurance policy is void because of the violation of the chattel mortgage clause.

And it is therefore ordered that the judgment be reversed and the cause remanded for further proceedings in conformity with this opinion.

Reversed.

WHITFIELD, P. J. AND TERRELL, J. Concur;

BROWN, C. J. AND ELLIS, J. Concur in the opinion.