44 So.2d 658 (1950)
GLOBE & RUTGERS FIRE INS. CO.
v.
SEGLER.
Supreme Court of Florida, en Banc.
February 21, 1950.
*659 Fisher Fisher, Hepner & Fitzpatrick, Pensacola, for appellant.
Mercer P. Spear, Panama City for appellee.
HOBSON, Justice.
In this case Globe & Rutgers Fire Insurance Company, appellant, was defendant below and E.J. Segler, appellee, was the plaintiff.
The plaintiff declared upon an automobile insurance policy issued to him by the defendant's agent in Panama City, Florida, to recover damage sustained in a collision involving the insured automobile. The plaintiff, E.J. Segler, on October 1, 1947, was the owner of a 1941 model Plymouth automobile specifically described in the defendant's policy which was effective from October 6, 1947, to October 6, 1948. The policy of insurance as originally written specifically showed in the place provided in the policy that there was no lien or encumbrance on the Plymouth automobile at the time the policy was written. Thereafter, about the 26th of January, 1948, the plaintiff traded his 1941 Plymouth on a used 1946 Pontiac automobile; and requested over the telephone the agent for the defendant to change his policy previously written to cover the Pontiac instead of the Plymouth. Pursuant to the telephone conversation, the agent on January 26, 1948, issued to the plaintiff a "change of car endorsement" showing the Pontiac substituted for the Plymouth. In the telephone conversation the agent did not specifically inquire of the plaintiff whether the replacement automobile was encumbered and the plaintiff did not mention any encumberance on the replacement automobile. The agent immediately forwarded the "change of car endorsement" dated January 26, 1948, to the plaintiff and it was written up to show all of the required information as to the Pontiac. In the space provided in the form for information as to encumbrances the change of car endorsement had the following: "The automobile is fully paid for and the insured is the sole and unconditional owner thereof, except as follows: the amount unpaid is none." (Italics supplied.)
The original policy of insurance contained an exclusion clause as follows: "This policy does not apply X X X (b) Under any of the coverages while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy."
The policy of insurance further provided, Paragraph Fourteen (14) of the Conditions on the last page thereof, as follows: "This policy shall be void if the insured has cancealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or in case of any fraud, attempted fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after loss."
Thereafter, on April 23, 1948, the Pontiac automobile described in the "change of car endorsement" was badly damaged in a collision and the suit followed when the defendant, upon discovery after the loss of the existence of an undisclosed encumbrance on the automobile at the time of the issuance of the "change of car endorsement", which is the inception of the insurance as it applies to the Pontiac, and at the time of loss, declined to pay the claim.
The defendant filed three (3) pleas, the first one unnumbered alleging in general terms the violation of the policy provisions on account of the undisclosed encumbrance at the time the change of car endorsement was requested and at the time of loss. A few days later the defendant filed additional pleas, number Two (2), specifically quoting the exclusion above set forth and alleging that at the time of the issuance of the *660 change of car endorsement and at the time of the loss there was in existence on the Pontiac insured an encumbrance which was not specifically declared or described in the policy; the third plea of the defendant set out in particular the part of the "Conditions" of the policy quoted above and alleged that the insured was guilty of concealment or misrepresentation of a material fact concerning the insurance and the subject thereof in that he had failed to disclose the existence of an encumbrance which was on the car at the time the change of car endorsement was issued and was on the car at the time of loss and in that the policy and endorsement described the assured as the sole and unconditional owner of the car which was not true because of the encumbrance. Plea number Four (4) alleged existence of another collision policy which limited under the policy sued on, the amount which the plaintiff could recover to fifty (50%) per cent of the loss. The plaintiff tacitly admitted the truth of the Fourth plea by not replying to it and in agreeing upon the amount of the loss at the time judgment was entered as fifty (50%) per cent of the actual loss to him. The plaintiff did, however, file replications to the first three pleas which admitted the existence of the undisclosed encumbrance but sought to avoid the legal effect of its existence by alleging that the change of car endorsement was issued by the defendant's agent solely as the result of a telephone conversation between the plaintiff and the agent; that the agent did not inquire specifically of the plaintiff whether there was an encumbrance on the replacement car and that he never made any specific statement or representation to the agent that there was not an encumbrance. All three (3) replications set up substantially the same matters in avoidance of the legal effect of the existence of the undisclosed encumbrance. The defendant in its demurrers to the three (3) replications sought to exclude from the issues in the case the questions raised by the replications and charged that the facts set out in the replications were insufficient to avoid the legal effect of the admission of the existence of an undisclosed encumbrance contained therein and that the replications were insufficient in law as complete answers to the three (3) pleas to which they were addressed. When the trial court entered its order overruling the defendant's demurrers to the plaintiff's replications that was in effect a decision in the case except as to amounts. There was no dispute whatever as to the facts.
Appellant contends that the trial court's ruling on the demurrer to the replications constituted error and for that reason the judgment for the plaintiff should be reversed with directions to the trial court to sustain the demurrer to the replications.
The controlling question for our determination is not whether in the first instance the burden rested upon the policy holder to inform the agent of the insurer that the Pontiac automobile was not fully paid for, but rather whether the insured should be held bound by the terms of the policy which he accepted and retained. As previously stated, the policy contained the following unambiguous provision: "This policy does not apply X X X (b) Under any of the coverages while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy."
This proviso is not violative of any provision of law nor can it be said to run counter to the public policy. There is no contention that the quoted provision was couched in fine print or for any reason was obscure or difficult to read. If the insured failed to read the policy his dereliction cannot be charged to the insurance company. In the absence of fraud [no fraud is asserted herein] the provision of the policy here under consideration is binding upon the policyholder.
In the case of Georgia Home Insurance Company v. Hoskins, 71 Fla. 282, 71 So. 285, 287, this court, speaking through Mr. Justice Shackleford, answered the query here presented. Although the facts of that case were not identical with those of the instant suit, the principle of law enunciated therein is clearly applicable and conclusively determinative of the question with which *661 we are now faced. We quote from the opinion in the case of Georgia Home Insurance Company v. Hoskins, supra, wherein this Court approved the following statement of law: "When there is no element of waiver or estoppel arising from knowledge of the company or its agent, the existence of a chattel mortgage renders the policy void. The insured is bound by the terms of the policy which he accepts, and the fact that no inquiries were made by the company or its agent, and no representations by the insured in a written application or otherwise, cannot strike out the provision of the policy." See also Jones v. American Eagle Insurance Company, 91 Fla. 565, 108 So. 165 and Virginia Fire and Marine Insurance Company v. J.I. Case Threshing Machine Company, 107 Va. 588, 59 S.E. 369, 122 Am.St.Rep. 875.
The learned Circuit Judge erred in overruling the demurrer to the replications. The demurrer should have been sustained.
Reversed.
TERRELL, THOMAS and SEBRING, JJ., concur.
ADAMS, C.J., and CHAPMAN and ROBERTS, JJ., dissent.