Filed:  September 6, 2011

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1439
(3:09-cv-00675-HEH)

BRYAN BROTHERS INCORPORATED, a Virginia corporation; JOSEPH
KOBER; DORIS LANSING; KARL SCHOELLER; MILDRED SCHOELLER,

Plaintiffs - Appellants,

v.

CONTINENTAL CASUALTY COMPANY, an Illinois corporation,

Defendant - Appellee.

O R D E R

Upon Appellee's motion for publication of the Court's
opinion,

IT IS ORDERED that the motion to publish is granted.

The Court amends its opinion filed March 24, 2011, as
follows:

On the cover sheet, section 1 -- the status is changed from
"UNPUBLISHED" to "PUBLISHED."

On the cover sheet, section 6 -- the status line is changed
to read "Affirmed by published opinion."

On page 2 -- the reference to the use of unpublished opinions as precedent is deleted.

For the Court – By Direction

/s/ Patricia S. Connor
Clerk

PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BRYAN BROTHERS INCORPORATED, a
VIRGINIA corporation; JOSEPH
KOBER; DORIS LANSING; KARL
SCHOELLER; MILDRED SCHOELLER,

>                    *Plaintiffs-Appellants,*

>                    v.                                        No. 10-1439

CONTINENTAL CASUALTY COMPANY,
an Illinois corporation,

>                    *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry E. Hudson, District Judge.
(3:09-cv-00675-HEH)

Argued: January 25, 2011

Decided: March 24, 2011

Before MOTZ and WYNN, Circuit Judges, and
Irene C. BERGER, United States District Judge for the
Southern District of West Virginia, sitting by designation.

Affirmed by published opinion. Judge Wynn wrote the opin-
ion, in which Judge Motz and Judge Berger concurred.

**COUNSEL**

**ARGUED:** Collin Jefferson Hite, MCGUIREWOODS, LLP, Richmond, Virginia, for Appellants. Richard A. Simpson, WILEY REIN, LLP, Washington, D.C., for Appellee. **ON BRIEF:** Kenneth W. Abrams, MCGUIREWOODS, LLP, Richmond, Virginia, for Appellants. Charles C. Lemley, Kimberly A. Ashmore, WILEY REIN, LLP, Washington, D.C., for Appellee.

---

**OPINION**

WYNN, Circuit Judge:

In this appeal, accounting firm Bryan Brothers, Incorporated, seeks coverage under a professional liability insurance policy issued by Continental Casualty Company for liability arising from illegal acts of a former Bryan Brothers's employee. Under the policy, it is a condition precedent to coverage that no insured has knowledge, prior to the inception of the policy, of an act that is reasonably likely to become the basis for a claim. Because Bryan Brothers had such knowledge, we conclude that the claims at issue are not covered. Therefore, we affirm the district court's grant of summary judgment to Continental Casualty Company.

I.

The parties stipulated all material facts. Continental Casualty Company issued a professional liability insurance policy effective from July 1, 2008 to July 1, 2009 to cover certain liabilities arising from Bryan Brothers's accounting services. In pertinent part, the "Coverage Agreements" provide:

    A.   In accordance with all the terms and conditions of this policy, we will pay on your behalf all

sums in excess of the deductible, up to our lim-
its of liability, that you become legally obli-
gated to pay as damages and claim expenses
because of a claim that is both first made
against you and reported in writing to us during
the policy period by reason of an act or omis-
sion in the performance of professional services
by you or by any person for whom you are
legally liable provided that:

. . .

2.   prior to the effective date of this policy, none of
you had a basis to believe that any such act or
omission, or interrelated act or omission, might
reasonably be expected to be the basis of a claim
. . . .

("prior knowledge provision").

The policy also contains the following "Exclusion":

This Policy does not apply to:

. . .

D.   any claim based on or arising out of a dishonest,
illegal, fraudulent, criminal or malicious act by
any of you. We shall provide you with a
defense of such claim unless or until the dishon-
est, illegal, fraudulent, criminal or malicious act
has been determined by any trial verdict, court
ruling, regulatory ruling or legal admission,
whether appealed or not . . . .

("bad acts exclusion"). Finally, the following appears under
the "Policy Conditions" heading:

L.    Innocent Insureds

> If coverage under this Policy would be
> excluded as a result of any criminal, dis-
> honest, illegal, fraudulent, or malicious acts
> of any of you, we agree that the insurance
> coverage that would otherwise be afforded
> under this Policy will continue to apply to
> any of you who did not personally commit,
> have knowledge of, or participate in such
> criminal, dishonest, illegal, fraudulent or
> malicious acts or in the concealment thereof
> from us.

("innocent insureds provision"). The policy defines "you" as
the named insured (Bryan Brothers) and "any person who is
or becomes a partner, officer, director, associate, or employee
of the named insured, but only for professional services per-
formed on behalf of the named insured."

In February 2009, Bryan Brothers discovered that Deborah
Whitworth, the firm's account clerk from 1999 to 2009, had
stolen funds from eight clients' accounts. Whitworth's thefts
began in 2002 and the last theft occurred sometime after July
1, 2008, during the policy period. The victims asserted tort
claims against Bryan Brothers.

In turn, Bryan Brothers filed for insurance coverage of the
victims' claims but Continental Casualty Company denied
Bryan Brothers's claim for coverage by letter dated March 16,
2009. Continental Casualty Company indicated that Whit-
worth fit within the policy's definition of "you" because she
committed the thefts as an employee performing professional
services for Bryan Brothers. Because Whitworth "had reason
to believe as early as 2002, before the inception of the policy
on [7]-1-08, that her acts might be the basis of a claim, the
terms of the coverage agreements are not met and coverage is
precluded on that basis." In other words, Continental Casualty

Company denied coverage under the prior knowledge provision because Whitworth had reason to believe, before the effective date of the policy, that her thefts might become the basis for claims. Bryan Brothers later settled with its affected clients and brought this suit for coverage under the policy.

The parties filed cross-motions for summary judgment. Bryan Brothers argued that the prior knowledge provision was an exclusion from, as opposed to a condition precedent to, coverage. *Bryan Bros. Inc. v. Cont'l Cas. Co.*, 704 F. Supp. 2d 537, 540-41 (E.D. Va. 2010). And because Whitworth was the only person with prior knowledge of her thefts, the innocent insureds provision saved coverage for any insured other than Whitworth. *Id.* Continental Casualty Company, on the other hand, argued that the prior knowledge provision was a condition precedent that precluded coverage if unfulfilled. *Id.* at 540. Further, Continental Casualty Company argued that coverage was not denied because Whitworth's acts were "illegal" under the bad acts exclusion; consequently, the innocent insureds provision was not triggered to save coverage otherwise precluded by the prior knowledge provision. *Id.* at 541.

The district court granted summary judgment to Continental Casualty Company based on Whitworth's prior knowledge. The bad acts exclusion and the innocent insureds provision were therefore not applicable.[1] The court also found these provisions to be unambiguous, rejecting Bryan Brothers's argument that they were ambiguous and must be construed in favor of coverage. *Id.* at 542. Bryan Brothers appeals.

---

[1]The district court also held that Whitworth's thefts during the policy period were "interrelated" to her pre-policy thefts. Therefore, the district court determined that claims based on thefts during the policy period were also precluded because of Whitworth's prior knowledge. *Id.* at 542-43. Bryan Brothers does not challenge that ruling on appeal.

## II.

We review a grant of summary judgment de novo, viewing all facts and inferences in favor of the nonmoving party. *Providence Square Assocs., L.L.C. v. G.D.F., Inc.*, 211 F.3d 846, 850 (4th Cir. 2000). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Virginia law governs this insurance dispute. Virginia courts "'interpret insurance policies, like other contracts, in accordance with the intention of the parties gleaned from the words they have used in the document.'" *Transcon. Ins. Co. v. RBMW, Inc.*, 262 Va. 502, 512, 551 S.E.2d 313, 318 (2001) (quoting *Floyd v. N. Neck Ins. Co.*, 245 Va. 153, 158, 427 S.E.2d 193, 196 (1993)). "Because insurance policies usually are drafted by insurers, [Virginia courts] construe ambiguous policy language purporting to exclude certain occurrences from coverage most strongly against the insurer." *Va. Farm Bureau Mut. Ins. Co. v. Williams*, 278 Va. 75, 81, 677 S.E.2d 299, 302 (2009).

Virginia has long followed the rule that if the insured fails to fulfill a condition of an insurance policy, the insurer's coverage obligation is not triggered. *See State Farm Mut. Auto. Ins. Co. v. Arghyris*, 189 Va. 913, 924-25, 55 S.E.2d 16, 21 (1949); *Combs v. Hunt*, 140 Va. 627, 643, 125 S.E. 661, 666 (1924); *Va. Fire & Marine Ins. Co. v. J.I. Case Threshing Mach. Co.*, 107 Va. 588, 590-91, 59 S.E. 369, 369-70 (1907). "[I]f the condition is broken the policy is terminated, if the insurer so elects." *Arghyris*, 189 Va. at 927, 55 S.E.2d at 22; *accord Fidelity-Phenix Fire Ins. Co. of N.Y. v. Pilot Freight Carriers, Inc.*, 193 F.2d 812, 815-16 (4th Cir. 1952) (discussing the operation of conditions precedent to coverage under North Carolina law).

On the other hand, an insured may seek coverage for an event that is within the scope of the insuring clause but falls

under a specific exclusion. In that scenario, the policy is not avoided and another policy provision, such as a savings clause, may preserve coverage. *See Copp v. Nationwide Mut. Ins. Co.*, 279 Va. 675, 683-84, 692 S.E.2d 220, 225 (2010) (holding that insurer had a duty to defend insured for a claim excluded by a homeowner's policy but covered by an exception to the exclusion in an umbrella policy); *see also Calmar S.S. Corp. v. Scott*, 345 U.S. 427, 433-35 (1953) (discussing exclusions from coverage and exceptions in a war-risk maritime policy).

## III.

Bryan Brothers argues that it is entitled to coverage under the innocent insureds provision because it did not share prior knowledge of Whitworth's thefts. Bryan Brothers insists that the prior knowledge provision is an exclusion from coverage and that the innocent insureds provision saves coverage for the firm. Conversely, Continental Casualty Company maintains that the prior knowledge provision is a condition precedent that precludes coverage if unsatisfied.

The plain language and structure of the policy convince us that the prior knowledge provision is a condition precedent to coverage. In the first coverage agreement clause, Continental Casualty Company agrees to cover Bryan Brothers's liability on claims made during the policy period "*provided that* . . . prior to the effective date of this policy, none of you had a basis to believe that any such act or omission, or interrelated act or omission, might reasonably be expected to be the basis of a claim" (emphasis added). This language may be rephrased to say that if any defined "you" knew prior to the effective date of the policy that an act or omission might become the basis for a claim, any claims arising from such acts or omissions are not covered. Here, Bryan Brothers's lack of prior knowledge is a condition of Continental Casualty Company's agreement to cover Bryan Brothers's liability from acts predating the policy. Because Whitworth had prior

knowledge, "[t]here has been a failure to fulfill a condition upon which [Continental Casualty Company's] obligation is dependent." *Arghyris*, 189 Va. at 925, 55 S.E.2d at 21.

This interpretation melds with the concept of fortuity, a fundamental premise of insurance law. Insurers do not usually contract to cover preexisting risks and liabilities known by the insured. Thus, it is generally the insured's duty to provide truthful and complete information so the insurer can fairly evaluate the risk it is contracting to cover. *See, e.g.*, *Combs v. Equitable Life Ins. Co. of Iowa*, 120 F.2d 432, 437 (4th Cir. 1941) (holding that an insured's failure to disclose a heart condition breached a condition precedent to coverage on a life insurance policy); *Arghyris*, 189 Va. at 929, 55 S.E.2d at 23 (holding that an insured's failure to provide complete and timely information breached the policy's cooperation clause, a condition precedent to coverage); *Va. Fire & Marine Ins. Co. v. J.I. Case Threshing Mach. Co.*, 107 Va. 588, 590-91, 59 S.E. 369, 369-70 (1907) (stating that the insured's failure to disclose an encumbrance on his property breached the condition precedent that the insured property be unencumbered). If the insured fails to comply with a clear condition required by the insurer, it is typically not liable on the policy.

Here, the prior knowledge provision essentially makes fortuity a condition of coverage. The prior knowledge provision indicates in clear and unambiguous language Continental Casualty Company's unwillingness to cover liability arising from prior acts or omissions that any insured might reasonably expect to result in a claim.

Because Continental Casualty Company denied Bryan Brothers's claim for failure of a condition precedent to coverage, we are not persuaded by Bryan Brothers's argument for coverage pursuant to the innocent insureds provision. Although the facts of this case might have supported a denial of coverage under the bad acts exclusion, there is no indication that coverage was denied on that basis. Thus, the inno-

cent insureds provision, which appears to be an exception to the bad acts exclusion, was not implicated.

Even assuming arguendo that the innocent insureds provision could be considered an exception to the prior knowledge provision, it is elemental that exclusions and exceptions in an insurance policy cannot expand the scope of agreed coverage. *See Scott*, 345 U.S. at 435 (explaining that overlapping exclusions and exceptions were plainly intended "to make certain and doubly certain that the coverage of the policy as a whole is in no event enlarged"); *Stanley Martin Cos., Inc. v. Ohio Cas. Grp.*, 313 F. App'x 609, 613 n.2 (4th Cir. 2009) (unpublished) (explaining that exclusions, and certain exceptions, could not expand the scope of the insuring clause in a general contractor's liability policy) (citing *Nationwide Mut. Ins. Co. v. Wenger*, 222 Va. 263, 267, 278 S.E.2d 874, 876 (1981)). Therefore, the innocent insureds provision cannot provide coverage that is precluded by the plain language of the prior knowledge provision.

We reached a similar decision in *TIG Insurance Co. v. Robertson, Cecil, King & Pruitt*, 116 F. App'x 423 (4th Cir. 2004) (unpublished). There, a partner at a law firm represented on a written application for professional liability insurance that the firm was unaware of any act or omission that might reasonably be expected to become the basis for a claim. Prior to the application, the applicant-partner had misappropriated client funds without the firm's knowledge. *Id.* at 424-25. The affected clients sued the firm, which sought coverage for liability on the clients' claims. *Id.* Applying Virginia law, we held that the insurer could rescind the policy based on the applicant-partner's misrepresentations. *Id.* at 426. We rejected the argument that coverage was saved for partners innocent of the misrepresentation because they did not "contract for additional protection in the case of a partner making misrepresentations on behalf of the partnership on the application form." *Id.* at 427. The same is true here because Bryan Brothers was

free to bargain for additional coverage against acts of its employees.

Likewise, other courts have made the same interpretation of identical policy language. In *Professional Asset Strategies v. Continental Casualty Co.*, No. 2:09-cv-1238-AKK, 2010 WL 4284991, at *1 (E.D. Ark. Aug. 27, 2010), an investment firm's employee stole money from client accounts without the firm's knowledge. The firm acquired professional liability insurance after the thefts. When the firm discovered the employee's misconduct and its clients sued, the firm sought coverage, which was denied because the employee had prior knowledge of his thefts. *Id.* at *2. The court observed that "coverage exists only if this [prior knowledge] *precondition* is met, and is denied if *anyone* meeting the definition of 'you' has knowledge of what might reasonably be a potential claim." *Id.* at *5 (first underline added).

> In other words, no coverage exists if any 'you' had prior knowledge of the existence of a claim. Where there is no prior knowledge and coverage exists, the policy provides various exclusions, including [the bad acts exclusion]. However, in cases where the exclusion is because of 'criminal, dishonest, illegal, fraudulent or malicious' acts of a 'you,' then the 'innocent insured' provision kicks in to restore coverage.

*Id.* at *7; *accord Cont'l Cas. Co. v. Walker*, No. 4:07cv00298 SWW, 2008 WL 8101840, at *4 (E.D. Ark. July 7, 2008) (rejecting contention that an innocent insured clause provided coverage for a claim not first made and reported during the policy period).

Finally, we decline Bryan Brothers's request to find the pertinent language ambiguous and construe the policy in favor of coverage. *Williams*, 278 Va. at 81, 677 S.E.2d at 302 ("[I]f disputed policy language is ambiguous and can be understood

to have more than one meaning, we construe the language in favor of coverage and against the insurer."). But a plain reading of the pertinent policy language reveals that it is not susceptible to more than one meaning. Because the language of the prior knowledge provision is unambiguous and structured as a condition precedent to the coverage agreement, we will not contort the language to find an ambiguity.

## IV.

In sum, we hold that the prior knowledge provision is a clear and unambiguous condition precedent to recovery on the policy. Because Whitworth had prior knowledge of her thefts, a condition precedent was unfulfilled, and the coverage agreement was not triggered. Additionally, exclusions and exceptions in the policy cannot provide coverage that is precluded by the prior knowledge condition. Accordingly, we affirm the grant of summary judgment for Continental Casualty Company.

*AFFIRMED*